UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LUIS ENRIQUE CAMACHO HOPKINS, )
MISAEL RIGOBERTO MENOCAL )
CACERES, JONNATAN TREVINO )
HERNANDEZ, PAUL LUQUE, and all others )
similarly situated under 29 U.S.C. 216(b), )
)
           Plaintiffs, )
   vs. )
)
KING OF DIAMONDS MIAMI "LLC" a/k/a )
CLUB KOD, )
MOVEMENT EVENTS LLC, )
JEFFREY VASILAS, )
ELLIOT KUNSTLINGER, )
)
           Defendants. )
_____ )

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS, CLAIM FOR BREACH OF CONTRACT, AND CLAIM FOR UNJUST ENRICHMENT

Plaintiffs, LUIS ENRIQUE CAMACHO HOPKINS, MISAEL RIGOBERTO MENOCAL CACERES, JONNATAN TREVINO HERNANDEZ, and PAUL LUQUE, on behalf of themselves and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, file this Complaint against Defendants, KING OF DIAMONDS MIAMI "LLC" a/k/a CLUB KOD, MOVEMENT EVENTS LLC, JEFFREY VASILAS, and ELLIOT KUNSTLINGER, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant KING OF DIAMONDS MIAMI "LLC" a/k/a CLUB KOD is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the

Defendant Corporation was the joint FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The Defendant MOVEMENT EVENTS LLC is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the joint FLSA employer for the relevant time period.

5. The individual Defendant JEFFREY VASILAS is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

6. The individual Defendant ELLIOT KUNSTLINGER is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

7. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

8. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

10. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

11. Plaintiff LUIS ENRIQUE CAMACHO HOPKINS worked for Defendants as a construction worker from on or about January 11, 2016 through on or about January 14, 2017.

12. Plaintiff MISAEL RIGOBERTO MENOCAL CACERES worked for Defendants as a construction worker from on or about January 11, 2016 through on or about January 14, 2017.

13. Plaintiff JONNATAN TREVINO HERNANDEZ worked for Defendants as a construction worker from on or about August 5, 2016 through on or about January 14, 2017.

14. Plaintiff PAUL LUQUE worked for Defendants as construction worked from on or about December 15, 2015 through on or about January 14, 2017.

15. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use

on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

16. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

17. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2014, 2015, and 2016.

18. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $125,000 for the first three months of the year 2017 and is expected to exceed $500,000 for the year 2017.

19. Upon information and belief, Defendants, KING OF DIAMONDS MIAMI "LLC" a/k/a CLUB KOD and MOVEMENT EVENTS LLC, are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the companies, performed through unified operation and/or common control, are being done for a common business purpose.

20. Upon information and belief, Defendants, KING OF DIAMONDS MIAMI "LLC" a/k/a CLUB KOD and MOVEMENT EVENTS LLC, were Plaintiffs' joint employer during Plaintiffs' employment with the Defendant Companies as the work performed by Plaintiffs simultaneously benefited all Defendant Companies who were responsible for controlling Plaintiffs' hours, determining Plaintiffs' pay and which were operated by the same company officers for a common business purpose.

21. Individual Defendant JEFFREY VASILAS was Plaintiffs' individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

22. Individual Defendant ELLIOT KUNSTLINGER was Plaintiffs' individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

23. Between the period of on or about January 11, 2016 through on or about January 14, 2017, except for approximately the last week, Plaintiff LUIS ENRIQUE CAMACHO HOPKINS worked an average of 54 hours a week for Defendants and was paid an average of $18.75 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

24. Between the period of on or about January 11, 2016 through on or about January 14, 2017, except for approximately the last week, Plaintiff MISAEL RIGOBERTO MENOCAL CACERES worked an average of 54 hours a week for Defendants and was paid an average of $18.75 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

25. Between the period of on or about August 5, 2016 through on or about January 14, 2017, except for approximately the last week, Plaintiff JONNATAN TREVINO HERNANDEZ worked an average of 54 hours a week for Defendants and was paid an average of $12.50 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

26. Between the period of on or about December 15, 2015 through on or about January 14, 2017,

except for approximately the last week, Plaintiff PAUL LUQUE worked an average of 54 hours a week for Defendants and was paid an average of $18.75 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

27. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## COUNT II. BREACH OF CONTRACT

COMES NOW the Plaintiffs, by and through undersigned counsel, and re-adopt the factual and jurisdictional statement in the Paragraphs 1-27 as though fully set forth herein and further state:

28. This Court has jurisdiction for Plaintiffs' breach of contract claim.

29. Defendants orally contracted for employment with Defendants and Defendants verbally agreed to pay Plaintiffs their regular hourly rate as set forth above in Paragraphs 23-26 above for an average of 27.5 hours for the last week of each Plaintiff's respective employment period. As each Defendants had orally contracted with each Plaintiff to pay them for approximately the last week of employment each Plaintiff did not seek alternative employment.

30. However, on January 14, 2017, when Defendants were required to pay Plaintiffs as orally contracted for said approximately last week of employment Defendants refused to pay each Plaintiff and, instead, fired each Plaintiff.

31. Plaintiffs complied with all conditions precedent to the contract. Defendants, however, have not paid Plaintiffs any wages for an average of 27.5 hours at each Plaintiff's regular hourly rate for approximately the last week of each Plaintiff's respective employment period as set forth in Paragraph 23-26 above.

32. Plaintiffs are still owed by Defendants their wages for approximately the last week of each Plaintiff's respective employment period, exclusive of liquidated damages, attorneys' fees, interest, and costs, from work rendered on behalf of Defendants.

33. Plaintiffs have performed all duties under the contract, and as such Defendants have breached said contract.

34. Defendants breached the contract with Plaintiffs and Plaintiffs have been damaged.

Wherefore, Plaintiffs request all damages as allowed by law and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the breach of contract, demands judgment

be entered in favor of Plaintiffs against Defendants, jointly and severally, for damages along with fees, costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## COUNT III. UNJUST ENRICHMENT

COMES NOW the Plaintiffs, by and through undersigned counsel, and re-adopt the factual and jurisdictional statement in the Paragraphs 1-34 as though fully set forth herein and further states:

35. Plaintiffs reassert and re-allege paragraphs 28-34 above regarding Plaintiffs' Claim for Breach of Contract (Count II), as such facts also give rise to an action for unjust enrichment. Such facts which establish the breach, are also those which have resulted in unjust enrichment. Plaintiffs seek this claim in equity based on such facts, should it be determined they cannot recover at law under a breach theory.

36. Due to the aforesaid facts (also relevant to Plaintiffs' claim for breach of contract – Count II), the Plaintiffs have conferred a benefit upon the Defendants. The Defendants have knowledge of the benefit conferred and continue to retain that benefit undeservedly. Defendants voluntarily accepted and retained such benefit, because Plaintiffs worked for Defendants, Defendants permitted Plaintiffs to work for them, because Defendants chose to maximize their staff.

37. It would be inequitable and unjust for Defendants to continue to retain the benefit, as Plaintiffs conferred a benefit on Defendants which Defendants were legally responsible to pay for.

WHEREFORE, Plaintiffs request all damages as allowed by law and reasonable attorney fees from the Defendants, jointly and severally, pursuant to unjust enrichment, demands judgment be entered in favor of Plaintiffs against Defendants, jointly and severally, for damages along with fees, costs, interest, and any other relief that this Court finds just and reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
  Florida Bar Number: 0010121