UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LUIS ENRIQUE CAMACHO HOPKINS,  )
et al.                                                      )
                                                              )
            Plaintiffs,                              )            CASE NO.: 17-20415-CIV-KMW
                                                              )
Vs.                                                       )
                                                              )
KING OF DIAMOND MIAMI, LLC,        )
a/k/a CLUB KOD, et al.                       )
                                                              )
            Defendants.                            )
_____)

## MOTION TO DISMISS

The Defendants, King of Diamonds Miami, LLC (KOD), Movement Events, LLC (ME), and

Jeffery Vasilas (VASILAS), by and through the undersigned counsel, pursuant to Fed.R.Civ.P.

12(b)(1) and 12(b)(6), or in the alternative, Fed.R.Civ.P. 56(a) and LR 56.1, hereby respectfully

move the Court to dismiss with prejudice (or grant summary judgment) on the claims asserted by the

Plaintiffs, and as grounds state:

### I.        INTRODUCTION

Plaintiffs' Amended Complaint primarily alleges violations of Fair Labor Standards Act

("Act").  The Amended Complaint also contains state-law claims for alleged breach of contract and

unjust enrichment.

First, because Plaintiffs were independent contractors and not employees of the Defendants,

the Plaintiffs' Amended Complaint fails to state a cause of action for overtime wage violations under

the Act as a matter of law.  In turn, having no viable claims under federal law, nor diversity of the

parties or an amount in controversy that exceeds $75,000.00, this Court does not have subject matter

jurisdiction over this cause.  As such, the Amended Complaint should be dismissed.

II.    **MEMORANDUM OF LAW**

**A. Standard of Review Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

Dismissal is warranted under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails to state a claim upon which relief can be granted. *Coach, Inc. v. Swap Shop, Inc.*, 916 F.Supp.2d 1271, 1277 (S.D. Fla. 2012). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Gubanova v. Miami Beach Owner, LLC*, 2013 WL 6229142, *1 (S.D. Fla. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, the plaintiff must plead "factual content that allows the [c]ourt to draw the reasonable inference that defendant is liable for the misconduct alleged." *Lee v. Bank of America, N.A.*, 2013 WL 2120312, *2 (M.D. Ga. 2013) (citing *Ashcroft, supra* at 678).

When determining whether a plaintiff has satisfied the obligations of Rule 12(b)(6), "the court assumes that all of the factual allegations in the complaint are true and construes them in the light most favorable to the plaintiff." *FDIC v. Law Office of Rafael Ubieta, P.A.*, 2012 WL 5307152, *2 (S.D. Fla. 2012) (citing *Speaker v. U.S. Dep't of Health & Human Servs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010)). However, "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are insufficient to survive a motion to dismiss. *Gubanova, supra* at *1 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also FDIC, supra* at *2 (quoting *Bell v. J.B. Hunt Transp., Inc.*, 427 F.App'x 705, 707 (11th Cir. 2011)) ("Conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal."). Additionally, a court is not required to accept as true allegations that are contradicted by the exhibits attached to the complaint. *See Griffin Indus. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007).

**B. Standard of Review Pursuant to Federal Rule of Civil Procedure 12(b)(1)**

A motion to dismiss for lack of subject matter jurisdiction is brought pursuant to Federal Rule of Civil Procedure 12(b)(1). *See, e.g., Morrison v. Amway Corp.*, 323 F.3d 920 (11th Cir. 2003). A facial attack on the complaint only requires the court to look and see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction. *See Stalley ex rel. U.S. v. Orlando Healthcare System, Inc.*, 524 F.3d 1229 (11th Cir. 2008) (citing *McElmurray v. Consol Gov't of Augusta-Richmond County*, 501 F.3d 1244 (11th Cir. 2007)). In analyzing a facial attack under Rule 12(b)(1), the Court proceeds as it would under a 12(b)(6) motion. *Id.* In other words, the Court assumes that all of the factual allegations of the Complaint are true. *Id.* However, similar to the Rule 12(b)(6) analysis, neither conclusory allegations nor allegations that are contradicted by exhibits are entitled to a presumption of truthfulness. *See Medimport, S.R.L. v. Cabreja*, 929 F.Supp.2d 1302 (S.D. Fla. 2013).

**C. Count I: This Court Should Dismiss Count I as it Facially Fails to State a Cause of Action for Violations Under or Relating to the Act.**

In the instant case, Plaintiffs' claims against Defendant should be dismissed because the Complaint does not contain any factual allegations showing that Defendant was Plaintiffs' "employer" as defined by the FLSA.

The FLSA provisions apply only to "employers." The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer" in relation to an employee. 29 U.S.C. § 203(d). Whether an individual party in his or her individual capacity is an employer for purposes of the FLSA is essentially a question of fact. *Donovan v. Sabine Irrigation Company, Inc.*, 695 F. 2d 190 (5th Cir. 1983), *cert. den.* 463 U.S. 1207 (1983).

In this case, the Plaintiffs plainly allege that they are construction workers who performed construction services for the Defendants. The Plaintiffs' do not state that they were ever

"employees" of the Defendants.  The Plaintiffs were in fact independent contractors, hired to perform various construction services and are therefore not covered under the protections of the Act.

The FLSA protects employees who are "engaged in commerce" or "in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a)(1).  The allegations of the Plaintiff's Amended Complaint are insufficient to show that Plaintiffs fall within the ambit of the statute. See, e.g., *McDaniel v. Brown Root, Inc.*, 172 F.2d 466, 471 (10th Cir. 1949) (recognizing the "well settled" rule that employees engaged in the original construction of a new building or facility are not within the coverage of the FLSA).

In *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292 (11th Cir. 2011),  a construction worker sued a defendant for unpaid wages under the Act and the Eleventh Circuit concluded that that an employee must be employed "in an enterprise engaged in commerce or in the production of goods for commerce" and the Act could only be construed to cover employees actually employed by the covered enterprise and cannot "stretch so far as to accommodate employees employed by a third party that performs sporadic work for a covered enterprise."

In the instant case, Plaintiffs' Amended Complaint does not contain any allegations sufficiently showing that Defendants, and especially the Defendants KOD, ME and VASILAS, were Plaintiffs' "employer" as defined in the FLSA.  Therefore, because Plaintiffs have failed to state an actionable claim against Defendants, Plaintiffs' claims against them should be dismissed.

### D. Counts II and III: This Court Lacks Subject Matter Jurisdiction Over Counts II and III As There are No Federal Claims Nor Diversity Jurisdiction.

The remaining Counts (Breach of Contract and Unjust Enrichment) are state-law based actions and this Court does not have subject matter jurisdiction.  "Federal courts are courts of limited jurisdiction.  They may only hear cases that they have been authorized to hear by the Constitution or

the Congress of the United States." *In re United Container LLC*, 284 B.R. 162, 168 (Bankr. S.D. Fla. 2002); *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. at 377 (Federal jurisdiction "is not to be expanded by judicial decree."). Indeed, if a Federal court takes action in a dispute over which it lacks jurisdiction, that action is a nullity. See *Am. Fire & Cas. Co. v. Finn,* 341 U.S. 6, 17-18 (1951); *Hart v. Terminex In,* 336 F.3d 541, 541-42 (7th Cir. 2003) (pointing out that it was "regrettable" that the case had to be dismissed for lack of jurisdiction "rendering everything that has occurred in [the] eight years [of proceedings] a nullity"); *Amos v. Glynn County Bd. of Tax Assessors,* 347 F.3d 1249, 1255 (11th Cir.2003) (A federal court "must always first be sure of [its] own jurisdiction whenever it is in doubt.").

Here, Plaintiffs cannot contend that subject matter jurisdiction exists under 28 U.S.C. §1332(a), since the amount in controversy plainly does not exceed $75,000 and the Plaintiffs share a state of citizenship with the Defendants. Plaintiffs also cannot contend that subject matter jurisdiction exists under 28 U.S.C. § 1331, since their sole claim which could arise under Federal law, fails to state a cause of action as set forth above.

Accordingly, having no anchor to pursue their claims in this Court, the entire cause must be dismissed.

Further, even if this Court had subject matter jurisdiction over these state-law claims, the claims should still be dismissed. As the courts have repeatedly held, "[f]or a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach. *Vega v. T-Mobile USA, Inc.*, 564 F.3d at 1271 (citing to *Friedman v. N.Y. Life Ins. Co.,* 985 So.2d 56, 58 (Fla. 4th DCA 2008)). And to "prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Id.* Here, however,

Plaintiffs have failed to plead such matters including what specifically they were required to do in return for payment, or that they actually performed and provided their side of the bargain.  As such, the Breach of Contract Count fails to state a cause of action and should be dismissed.

Likewise, the Plaintiffs' Unjust Enrichment claim is not properly plead in the alternative. Fed.R.Civ.P., Rule 8(d)(2) states:

> (2) *Alternative Statements of a Claim or Defense.* A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

The Plaintiffs' Amended Complaint requests relief against the Defendants for breach of contract.  However, the Plaintiffs' Amended Complaint also seeks the same damages for unjust enrichment.  Both counts rely on the exact same alleged facts as set forth in Amended Complaint.  In short, the Plaintiffs are seeking a double recovery from the Defendants.

As set forth above, Rule 8 allows for multiple causes of action to be sought in a complaint, but those causes of action must be "stated in the alternative".  Here the Plaintiffs' Amended Complaint inappropriately requests a double recovery instead of properly pleading their causes of action in the alternative.  As a result, the Plaintiffs fail to state a cause of action on which relief may be granted.

WHEREFORE, Defendants, King of Diamonds Miami, LLC, Movement Events, LLC, and Jeffery Vasilas, pray that this Court enter an order grant their Motion to Dismiss (or grant summary judgment on) the claims asserted by Plaintiffs and for such other and further relief as this court deems just and proper.

Respectfully submitted,

Randall Leshin, P.A.                                    Date: March 20, 2017
Attorney for King of Diamonds Miami, LLC,
Movement Events, LLC, and Jeffery Vasilas
1975 East Sunrise Blvd., Suite 504
Ft. Lauderdale, FL 33304
Tel. 954-941-9711
Fax 954-941-9750
rleshin@leshinlawfirm.com
email@leshinlawfirm.com


By:   /s/Randall L. Leshin
            Randall L. Leshin
            Florida Bar No. 380253


## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record or pro se parties listed below who are authorized to receive electronically Notices of Electronic Filing in this matter.

By:   /s/Randall L. Leshin
            Randall L. Leshin


J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM