UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-CV-20415-KMW

LUIS ENRIQUE CAMACHO HOPKINS,  )
MISAEL RIGOBERTO MENOCAL       )
CACERES, JONNATAN TREVINO      )
HERNANDEZ, PAUL LUQUE,         )
FRANCISCO J ROBLETO and all others )
similarly situated under 29 U.S.C. 216(b), )
                               )
            Plaintiff,         )
                               )
    vs.                        )
                               )
KING OF DIAMONDS MIAMI "LLC" *aka* )
*Club KOD,*                    )
MOVEMENT EVENTS LLC,           )
JEFFREY VASILAS,               )
ELLIOT KUNSTLINGER,            )
            Defendants.        )
                               )
_____ )

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT [DE12]

Plaintiffs, by and through the undersigned counsel, hereby file their Response in Opposition to Defendants' Motion to Dismiss, filed as [DE12], and in support therof state as follows:

1.    This matter sounds under the Fair Labor Standards Act ("FLSA") regarding allegations for overtime wage violations under 29 U.S.C. §§ 201-216, and includes Plaintiffs' Claims for Breach of Contract and Unjust Enrichment under the Court's supplemental jurisdiction. [DE 5].

2.    Defendants' Motion [DE12] seeks to dismiss Plaintiffs' claims because Plaintiffs were independent contractors and, therefore, Plaintiffs allegedly have failed to state a

cause of action for overtime wages under the FLSA. Further, Defendants seek to dismiss Counts II and III for lack of subject matter jurisdiction as Defendant contend that said claims are state-based.

3.  As set forth *supra,* there are sufficient allegations in the Complaint alleging the position Plaintiffs had while employed by Defendants, the dates that Plaintiffs were employed by Defendants, FLSA coverage/subject-matter jurisdiction, and allegations of willfulness.

4.  Moreover, as set forth below, similar to Plaintiffs' overtime wage counts, Counts II and III [DE 5] concerns state legal theories and laws and this Court's jurisdiction over such state claims would have to come under the doctrine of supplemental or pendent jurisdiction.  *See, United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), 28 U.S.C. 1367, and *Parker v. Scrap Metal Processors, Inc*., 468 F.3d 733 (11th Cir. 2006).  As said claims arise out of a common nucleus of operative facts in relation the Plaintiffs' federal overtime wage claims against Defendants and such claims involve the same or similar evidence of facts and includes the same parties, Plaintiffs' overtime wage claims are related and encompass elements of the FLSA/Florida action and, therefore, this Court has the power to exercise supplemental jurisdiction.

5.  At this point in light of the facts pled, Defendants are in a position to answer the Complaint and raise their affirmative defenses (i.e. statute of limitations, good faith, etc.) and, as the discovery process commences Plaintiffs will need to take various depositions and engage in further discovery as to issues related to Plaintiffs' adequately alleged Complaint.

6.      Therefore, Defendants' Motion [DE12] should be denied in its entirety and the Court should order Defendants to file an Answer. Should the Court grant Defendants any relief, Plaintiffs respectfully request fourteen (14) days to file a Second Amended Complaint.

## MEMORANDUM OF LAW

### I. LEGAL STANDARD

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true in a light favorable to the non-moving party. *Clifton v. Kinney*, 2006 U.S. Dist. Lexis 85256, *1 (M.D. Fla. 2006), *citing Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004), *citing Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). To succeed on their Motion to Dismiss, pursuant to the applicable standard of review, Defendants in the case at bar must demonstrate "beyond doubt" that "no set of facts" could entitle Plaintiffs to relief. *75 Acres, LLC v. Miami-Dade County*, 338 F.3d 1288, 1293 (11th Cir. 2003). Rule 8 of the Fed.R.Civ.P. states that a complaint "shall contain … a short and plain statement" setting forth entitlement to relief. Defendants are on notice of what the Plaintiff claims are and the grounds upon which they rest. *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957).

In an FLSA matter, the Court should ask whether "no facts are alleged showing that the plaintiffs, if those facts be true, are entitled to relief". *Daves et al. v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 646 (U.S. Dist. Hawaii 1953). The case of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (U.S. 2009) adopted the Supreme Court's previous ruling in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007). The *Iqbal* decision dealt with a *Bivens* action while the *Twombly* Court dealt with the pleading standards as related to the Sherman Act. Neither case dealt with the

3

pleading standards relating to the Fair Labor Standards Act.  The Eleventh Circuit interpreting

the *Twombley* motion to dismiss standard in relation to Fair Labor Standard Act cases stated:

> We have explained that the Rule 8(a)(2) pleading standard articulated by the Supreme Court in *Twombley* is "one of 'plausible grounds to infer.'" *Watts v. Fla. Int'l Univ*., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly***, 127 S. Ct. at 1965**). To state a claim with sufficient specificity "'requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id*. The rule "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id*. at 1296.
>
> In applying these standards to the FLSA claims in this case, we review the Secretary's complaint to determine whether its allegations plausibly indicate that Labbe failed to pay minimum wage and overtime compensation and failed to keep employment records as required by FLSA. Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a **FLSA violation are quite straightforward**. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. *See* 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5). There is no need to prove intent or causation that might require more extensive pleading. *See Chao v. Rivendell Woods, Inc*., 415 F.3d 342, 348 (4th Cir. 2005) (finding a FLSA complaint sufficient under Rule 8(a)(2) where it identified the employees who were alleged to have worked overtime, described the manner of the employer's repeated violations of the overtime and record-keeping provisions of FLSA, and alleged the time frame in which these violations occurred). [Emphasis added].

*Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. Fla. 2008).

Additionally, the Southern District of Florida in interpreting *Twombly* as it relates to FLSA matters and citing to the Eleventh Circuit decision on *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. Fla. 2008). stated:

> Under Fed. R. Civ. P. 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. *Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570).
>
> Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. *Twombly,* 550 U.S. at 555.
>
> A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Id.* Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" *Id.* at 556.
>
> Moreover, "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 Fed. App'x. 761, 763 (11th Cir. Fla. 2008). "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Id.* (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)).

*Schlinsky v. Action Video Prod*., 2010 U.S. Dist. LEXIS 2430 (S.D. Fla. Jan. 13, 2010).

See also *Marcelle v. Am. Nat'l Delivery, Inc*., 2010 U.S. Dist. LEXIS 40248 (M.D. Fla. Apr. 23,

2010) ("the elements that must be shown to allege a violation of the FLSA's overtime pay requirements are "quite straightforward") *citation omitted*. This Court has already noted that the question of whether the Plaintiff "was an independent contractor rather than an employee is a factual issue more appropriately resolved at summary judgment". *Perez v. Aircom Mgmt. Corp.*, No. 12-60322-CIV, 2012 WL 6811789, at *1 (S.D. Fla. June 26, 2012).

Consequently, although *Iqbal* and *Twombly* require more detailed pleadings as compared to the minimal pleading requirements under previous law, as stated FLSA matters are quite straightforward types of claims, and in the instant matter, Defendants cannot claim they do not understand the allegations regarding Plaintiffs' employers during the relevant period alleged. As set forth below, Defendants have not shown as a matter of fact or law that dispositive relief is justified.

## II. FAILURE TO STATE A CAUSE OF ACTION WHICH RELEIF CAN BE GRANTED

The Court should limit its analysis to the four corners of the Complaint and accept Plaintiff's allegations as true. In their Amended Complaint [DE 5], Plaintiffs have sufficiently pled that Defendants' were Plaintiffs' employer. Regarding the economic realities test discussed in *Santelices, infra*, economic dependence is an important factor relevant to the employment relationship as is the nature and degree of control of the workers by the alleged employer. The below law also shows that <u>no one factor is dispositive</u>, and the analysis is fact intensive normally pointing to the need for a jury determination.

Specifically regarding Defendants, Paras. 3-4, of the First Amended Complaint [DE5] alleges that the Defendant KING OF DIAMONDS MIAMI "LLC" a/k/a CLUB KOD and MOVEMENT EVENTS LLC are companies "that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation[s] [were] the joint FLSA

employer[s] for Plaintiffs' respective period of employment." Paras. 5-6 of the First Amended Complaint [DE5] allege that the individual Defendants, JEFFREY VASILAS and ELLIOT KUNSTLINGER, are corporate officers and/or owners and/or managers "of the Defendant Corporation[s] who ran the day-to-day operations of the Corporate Defendant[s] for the relevant time period and [were] responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d)." Additionally, Plaintiffs have adequately pled the dates they worked for Defendants and the positions they held in Par. 11-15 and Pars. 24-28 also provide the average hours alleged per week and average rate of pay per Plaintiff. Defendants can set forth in their Answer details why Plaintiffs is not entitled to claim all years they are claiming. There is overlapping time periods when Plaintiffs were employed by Defendants, all Plaintiffs seek to recover unpaid overtime wages, and, as such, there are questions of law in common between both Plaintiffs.

In *Turcios v. Delicias Hispanas Corp*. et al., 275 Fed. Appx. 879 (11th Cir. 2008), the Eleventh Circuit remanded *Turcios* and differentiated between summary judgment standards and motions to dismiss.  In *Turcios*, the Eleventh Circuit remanded that matter despite the fact that the tax records reflected less than $500,000 during the relevant period.  The required prongs of FLSA coverage (interstate commerce and the $500,000 monetary threshold) have been pled. The issue of FLSA coverage might later be an issue appropriately addressed in summary judgment pleadings after adequate discovery. As to the interstate commerce prong of enterprise coverage, on 8/31/10 the Eleventh Circuit rendered a decision in the consolidated matter of *Polycarpe et al. v. E & S Landscaping*, 616 F.3d 1217 (11th Cir. 2010).  Prior to such decision, there was a split in this Circuit on the issue of enterprise coverage.  However, *Polycarpe* clarified that in this Circuit,

it is now of no consequence if the goods have "come to rest"--there is no continuity requirement, and enterprise coverage is triggered so long as the employees have, pursuant to 29 U.S.C. Section 203(s)(1)(A)(i), handled, sold or worked with goods "that have been moved in or produced for commerce."  616 F.3d, at *5-6 (LEXIS pagination).  The *Polycarpe* Court stated that "we must vacate the judgment for the Defendant if there is a question about where the "goods" or "materials" were produced or where they have moved. The district courts will need to make some further decisions about the interstate history of the items in these cases."  *Id*. Consequently, from whatever prism *Polycarpe* is analyzed, it is clear, for example, that a defendant-employer can no longer argue that the employees' handling etc. of the goods or materials, that were merely manufactured outside of Florida (when the $500,000 threshold is met), is not sufficient interstate commerce as a matter of law.

Plaintiffs have also adequately pled the required FLSA coverage in Par. 16-22. [DE5]. In particular, Paras. 16-18 of the First Amended Complaint Plaintiffs adequately allege interstate commerce and then Paras. 18-21 allege the $500,000 monetary threshold.  Plaintiffs have alleged the requisite interstate commerce and gross annual income thresholds, and consequently, Plaintiffs must have an opportunity to review all relevant tax records, and also to validate their accuracy through discovery. Regarding the $500,000, Plaintiffs need to conduct depositions and obtain, *inter alia,* financial information including Tax Returns, Bank Statements, and all contracts to sell during the relevant years.[1]  Certainly Defendants who are in charge of their own business, are in a better position than Plaintiffs to know their gross annual income and who their

---

[1] See, *Wirtz v. Savannah Bank & Trust Co*., 5 Cir., 362 F.2d 857." *Wirtz v. First Nat'l Bank & Trust Co*., 365 F.2d 641 (10th Cir. 1966).  Review of 29 U.S.C. Section 203(k) and related case law make it clear Plaintiff needs access to all of Defendants' contracts from the relevant period even if Defendants' customers defaulted on them; unless Defendants will stipulate that the $500,000 threshold is met.

suppliers are.  Financial information is usually to be found in employer's hands: not ordinarily within a lower-level worker's knowledge who performed manual labor.  *See, Pizza Zone Italian Grill & Sports Bar, Inc. supra*. Also, Plaintiffs will need to depose Defendants' suppliers *duces tecum* regarding where Defendants' supplies are purchased, manufactured etc. Defendants ask the Court to order Plaintiffs prior to discovery to go beyond the pleading requirements before adequate discovery has commenced regarding interstate commerce and Defendants' gross annual income. Moreover, Defendants are able to deny or admit whether their business or Plaintiffs were involved in the requisite interstate commerce and defendant-employers for axiomatic reasons would normally have more access to information regarding their businesses materials and goods used by their employees.  Plaintiffs need discovery to address the said issues to establish a factual record that can be presented to the Court and/or Jury.  As to interstate commerce, it does not appear at this time, that Defendants are willing to stipulate to interstate commerce, and do not appear to be voluntarily offering evidence relevant to same regarding where their supplies are purchased, manufactured etc. In short, Defendants are clearly on notice of what FLSA coverage issues are presented based on the pleadings, and discovery needs to proceed towards the summary judgment phase. Therefore, Defendants need file an Answer as they are able to respond and raise defenses.

### III. SUBJECT MATTER JURISDICTION OVER COUNTS II AND III

<u>Supplemental Jurisdiction by the Court.</u>

This Court has original jurisdiction over the federal law FLSA overtime claims under 29 U.S.C. Section 1331 (civil actions under the Constitution, laws and treaties of the United States). Similar to Plaintiffs' overtime wage count, Count I and II of the First Amended Complaint [DE5] concern state legal theories and laws and this Court's jurisdiction over such state claims would

have to come under the doctrine of supplemental or pendent jurisdiction.  *See, United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), 28 U.S.C. 1367, and *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733 (11th Cir. 2006).

Determination of whether the Court will consider the state law claims, is ordinarily based upon the pleadings.  *Gibbs*, 383 U.S. at 728-29. A supplemental jurisdiction inquiry under 28 U.S.C. Section 1367 is "twofold".  *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997), citing *Gibbs*, 383 U.S. at 725-26.   The Court must first determine if it has the power to hear the state law claim and then second decide in its discretion if it will decline supplemental jurisdiction.  28 U.S.C. Sections 1367(a), (c). A federal court may exercise supplemental or pendant jurisdiction over state law claims deriving from a common nucleus of operative facts with a substantial federal claim. *L.A. Draper and Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984).   In the Eleventh Circuit, a common nucleus of operative facts exists when both the state and federal claims arise from the same events and involve the same witnesses, presentation of the same evidence, and determination of the same, or very similar, facts.  *Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1563-64 (11th Cir. 1994).  *See also, Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996)(no supplemental jurisdiction regarding state law breach claim as such did not arise out of same case or controversy as ERISE action); *see also, Lucero v. Trosch*, 121 F.3d 591, 598 (11th Cir. 1997)(common nucleus of common facts found as they relied on identical actions of the defendants).

In the instant case, Counts II and III of the First Amended Complaint [DE5] arise out of a common nucleus of operative facts in relation the Plaintiffs' federal overtime wage claims against Defendants. Such claim involves the same or similar evidence of facts and

10

includes the same parties. Plaintiffs' overtime wage claims are related and encompass elements of the FLSA action and, therefore, this Court has the power to exercise supplemental jurisdiction. All claims arise out of Defendants failure to pay Plaintiffs for their employment and wages related to same with Defendants.

When the court has the power to invoke supplemental jurisdiction, such is discretionary. Such discretion ought be exercised in a manner that serves economy, convenience, fairness and comity.     *See, City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172-73 (1997). Under 28 U.S.C. Section 1367(c), this Court may decline supplemental jurisdiction in four situations: (1) the claim raises a novel or complex issue of state law; (2) the state claim substantially predominates over the federal claim or claims pursuant to which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) under unusual circumstances, there are compelling reasons for declining jurisdiction. Any one of the said 1367(c) factors is a sufficient basis for the district court to dismiss a supplemental state law claim. *Parker,* 468 at 743.  In *Gibbs*, 383 U.S. at 727-27, the United States Supreme Court set forth the guideline the district court should follow in making discretionary judgments with respect to pendant jurisdiction: "if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution in state tribunals."

In the instant case, the state claims do not substantially predominate over the federal claim or claims pursuant to which the district court has original jurisdiction. In the case at bar, proof of the claim concerning Plaintiffs' alleged Breach of Contract and Unjust Enrichment are related to Plaintiffs' FLSA overtime wage claims. Should the jury be required to consider Counts

II and III of the First Amended Complaint [DE5] such would not cause confusion as the amount of wages Plaintiffs were receiving is directly related to the amount of monies that are in issue regarding non-payment of the final week of their employment with Defendants based on a breach of an oral contract.

Plaintiffs have properly pled the breach of contract claim. To state a claim for breach of contract under Florida law, a plaintiff must allege: (1) the existence of a contract; (2) a breach of that contract; and (3) damages resulting from the breach. Hostway Servs., Inc. v. HWAY FTL Acquisition Corp., No. 09-61315-CIV, 2010 WL 3604671, at *5 (S.D. Fla. Sept. 13, 2010) (internal citations omitted). To prevail on a breach of contract claim, Plaintiffs must show the existence of a valid contract, breach of the contract, and damages. *Barbara G. Banks, P.A. v Thomas D. Lardin, P.A.*, 938 So.2d 571, 575 (Fla. 4th DCA 2006). For an oral contract, Plaintiffs must also allege facts, that if true, show that the parties mutually reached a clear and definite agreement and left no essential terms open. *W.R. Townsend Contracting, Inc. v. Jensen Civil Coml., Inc.*, 728 So.2d 297, 300 (Fla. 1st DCA 1999)." *Murray v. Playmaker Servs., LLC*, 512 F. Supp. 2d 1273, 1279 (S.D. Fla. 2007).

In the case at hand, Plaintiffs have alleged that the Parties entered into an oral contract, as such no contract was attached to the complaint. Rather, Plaintiffs are alleging that the Parties entered into an oral contract as demonstrated above, a party can enter either into a written or oral contract.

Plaintiffs, in their Complaint [DE5], have pled that there was an oral contract between the Parties for employment, said contract stated Defendants would pay Plaintiffs for their last week of employment. Par. 31 states the existence of a contract as "Defendants orally contracted for employment with Defendants and Defendants verbally agreed to pay Plaintiffs their regular

hourly rate as set forth above in Paragraphs 24-28 above for an average of 27.5 hours for the last week of each Plaintiff's respective employment period. As each Defendant had orally contracted with each Plaintiff to pay them for approximately the last week of employment each Plaintiff did not seek alternative employment." As set forth in Par. 32, Defendants breached said contract as "…on January 14, 2017, when Defendants were required to pay Plaintiffs as orally contracted for said approximately last week of employment Defendants refused to pay each Plaintiff and, instead, fired each Plaintiff." Finally, damages resulted from the breach of contract as reflected in Par. 33 of the First Amended Complaint [DE5] which states that "Plaintiffs are still owed by Defendants their wages for approximately the last week of each Plaintiff's respective employment period, exclusive of liquidated damages, attorneys' fees, interest, and costs, from work rendered on behalf of Defendants." Plaintiffs only need to allege that a contract existed, that there was a material breach, and that as a result damages occurred as a result of Plaintiffs performance of all duties under the oral ontract, and as such Defendants have breached said contract. The Court must accept the allegations in the Complaint as true. *See Supra.* Therefore, Plaintiffs have properly pled a claim for Breach of Contract to survive a motion to dismiss.

Furthermore, Florida Courts have long held that a lawsuit may proceed on both a count of breach of contract and a count of unjust enrichment, provided that one party contends that the contract was invalid or contests the rights of a party to said contract. Federal Courts have consistently upheld such line of caselaw.

> "However, a party may plead in the alternative for relief under an express contract and for unjust enrichment. *See ThunderWave, Inc. v. Carnival Corp.,* 954 F.Supp. 1562, 1566 (S.D.Fla.1997) (citing *Hazen v. Cobb–Vaughan MotorCo.,* 96 Fla. 151, 117 So. 853, 857–58 (Fla.1928)). But unjust enrichment may only be pleaded in the alternative where one of the parties asserts that the contract governing the dispute is invalid. *See Zarrella,* 755 F.Supp.2d at

13

> 1227–28 (quoting *In re Managed Care Litig.,* 185 F.Supp.2d1310,
> 1337–38 (S.D.Fla.2002)); *Webster v. Royal Caribbean Cruises,
> Ltd.,* 124 F.Supp.2d 1317, 1326–27 (S.D.Fla.2000) (quoting *Gary
> v. D. Agustini&Asociados, S.A.,* 865 F.Supp.818, 827
> (S.D.Fla.1994)); *In re Managed Care Litig.,* 185F.Supp.2d 1310,
> 1337 (S.D.Fla.2002) (although Rule 8 permits alternative pleading,
> "an unjust enrichment claim can only be pled in the alternative if
> one or more parties contest the existence of an express contract
> governing the subject of the dispute"); *Berry v. Budget Rent A Car
> Sys., Inc.,* 497 F.Supp.2d 1361, 1369 (S.D.Fla.2007) ("a
> quasicontractual claim fails upon a showing that an express
> contract exists")."

*Martolla v. Deutsche Bank Nat. Trust Co.*, 931 F.Supp.2d 1218,1227 (S.D. Fla. 2013).

At this stage a motion to dismiss should not be granted due to Rule 8 of the Federal Rules of Civil Procedure, and the consistent findings of Florida Appellate Courts.  Those cases hold that short of a contract, which the Defendants deny, both a count of unjust enrichment and breach of contract survive a motion to dismiss.

> "Rule 8 of the Federal Rules of Civil Procedure specifically
> authorizes a plaintiff to plead causes of action in the alternative,
> and Florida courts have found that a party may plead in the
> alternative the existence, and breach, of an express contract and an
> unjust enrichment claim. *See Martorella v. Deutsche Bank Nat.
> Trust Co.,* 931F.Supp.2d 1218, 1227–28 (S.D.Fla.2013) (collecting
> cases). This is in part because "it is not upon the allegation of the
> existence of a contract, but upon a showing that an express contract
> exists that the unjust enrichment count fails." *Id.* Accordingly,
> "[u]ntil an express contract is proven, a motion to dismiss a claim
> for unjust enrichment on these grounds is premature." Because
> Defendants have denied the existence of any express contract
> between the parties, (*See,* DE 16, 17), the Court concludes that
> Plaintiff may properly plead a breach of contract claim and, in the
> alternative, an unjust enrichment claim."

*Samana Inc v. Lucena*, 2016 WL 142410 *2 (January 6, 2016).

Further, a contract would not preclude Plaintiffs from bringing the breach and unjust enrichment claims, because it is premature to dismiss an unjust enrichment claim, short of a conclusive finding or stipulation as to the rights of the parties under the contract. If one party

disputes rights under the contract/validity of the contract, then unjust enrichment and breach of contract counts are not mutually exclusive. *See, Christie v. Bank of America N.A.* 2015 WL 5285987 *3 (M.D. Fla. October 15, 2014), *Zarrella v. Pacific Life Ins. Co.*, 775 F.Supp 1218, 1227 (S.D. Fla. 2010), *Abels v. J.P. Morgan Chance Bank, N.A.*, 678 F.Supp.2d 1273, 1279 (S.D. Fla. 2009), *Persaud v. Bank of America, N.A.*, 2014 WL *13-14 4260853 (S.D. Fla. August 28, 2014).

Unjust enrichment and breach of contract may be pled in two separate counts of the same pleading, and not be expressly pled as alternative forms of relief, as pled in Plaintiffs'Claim.

> "Indeed, nothing prevents Plaintiff from pursuing alternative claims of breach of contract and unjust enrichment in separate counts. *See JI–EE Industry Co., Ltd. v. Paragon Metals, Inc.,* No. 09–81590–CIV, 2010 WL 1141103, at *1 (S.D.Fla. Mar. 23, 2010) (citing *Williams v. Bear Stearns & Co.,* 725 So.2d 397, 400 (Fla.Dist.Ct.App.1998) ("Until an express contract is proven, a motion to dismiss a claim for ... unjust enrichment on these grounds is premature.")); *see also* Rule 8(d)(2) of the Federal Rules of Civil Procedure ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."); *Manicini Enters., Inc. v. Am. Exp. Co.,* 236 F.R.D. 695, 698–99 (S.D.Fla.2006) ("[A] plaintiff may plead inconsistent or alternative theories of relief.")."

*Intercoastal Realty, Inc. v. Tracy*, 706 F.Supp.2d 1325, 1332 (S.D. Fla. 2010); *See also*, *American Inofage, LLC v. Regions Bank*, 2014 WL 1117050 *2 (M.D. Fla. 2014), *Abels v. JPMorgan Chase Bank, N.A.*, 678 F.Supp.2d 1273, 1279 (S.D. Fla. 2009).

While it is true that if a contract exists then a claim for unjust enrichment must fail, nonetheless if one side challenges the rights under/validity of a contract, the parties can demand relief for both breach and unjust enrichment. In Count III of Plaintiffs' Complaint [DE5], Plaintiffs have pled that "Plaintiffs seek this claim in equity based on such facts, **should it be**

determined they cannot recover at law under a breach theory". [DE 5 Pg9] (*Emphasis added*).  Hence, Plaintiffs' may assert both claims. This is also consistent with Rule 8 of the Federal Rules of Civil Procedure, which allows pleading in the alternative. WHEREFORE, Plaintiffs respectfully request this Court to deny Defendants' Motion to Dismiss [DE12] in its entirety and Order  Defendant to file their Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint [DE5].  Should the Court grant Defendants any relief, Plaintiffs respectfully request fourteen (14) days to file a Second Amended Complaint.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:  /s/ Neil Tobak
Neil Tobak, Esquire
Florida Bar No.: 93940

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 3/29/17 TO ALL COUNSEL OF RECORD:**

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766

16

305-865-7167

By:_/s/ Neil Tobak
Neil Tobak, Esquire
Florida Bar No.: 93940

Randall Leigh Leshin
712 E McNab Rd
Pompano Beach, FL 33060
954-941-9711
Fax: 941-9750
Email: rleshin@leshinlawfirm.com
*Attorney for Defendants*