UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 17-CV-20415-KMW

LUIS ENRIQUE CAMACHO HOPKINS,
et. al.,

      Plaintiffs,

v.

KING OF DIAMONDS MIAMI "LLC",
et. al.,

      Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on Defendants' motion to dismiss Plaintiffs' Amended Complaint (DE 12) and Plaintiffs' response in opposition (DE 13). Defendants did not file a reply. For the following reasons, Defendants' motion (DE 12) is **DENIED**.

**I.**    **BACKGROUND**

Plaintiffs allege[1] they were employed by Defendants as construction workers for periods of time between December 15, 2015 and January 14, 2017. (DE 5 ¶¶ 3-6, 11-15). Plaintiffs further allege that although they worked an average of 54 hours a week, Defendants "never paid the extra half time rate for any hours worked over 40 hours in a week as required by the [Fair Labor Standards Act (FLSA)]." (DE 5 ¶¶ 24-28). Plaintiffs bring one claim under the FLSA for failure to pay overtime, and two state law claims for breach for breach of contract and unjust enrichment. (DE 5).

---

[1] The Court accepts Plaintiff's allegations as true for purposes of this motion to dismiss. See *Speaker v. U.S. Dept, of Health and Human Services Ctrs. For Disease Control and Prevention,* 623 F.3d 1371, 1379 (11th Cir. 2010).

1

Defendants move to dismiss Plaintiffs' FLSA claim for failure to state a claim. (DE 12). They claim that Plaintiffs were "independent contractors and not employees of the Defendants," and thus Plaintiffs fail to state a valid claim under the FLSA. (*Id.* at 1). Defendants argue that because the FLSA claim must be dismissed, the state law claims must also be dismissed for lack of subject matter jurisdiction. (DE 12 at 1).

## II.     LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must make a plain statement that pleads sufficient facts and states a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plain statement does not require "detailed factual allegations," but a mere "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. All factual allegations are accepted as true and all reasonable inferences are drawn in the Plaintiff's favor. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). Rule 12(b)(6) does not allow for dismissal of a complaint merely because the Court anticipates that "actual proof of those facts is improbable," but the "allegations must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545).

The requirements to state an FLSA claim, "unlike the complex antitrust scheme at issue in *Twombly*," are much more simple and straightforward. *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). An FLSA claim only needs to show that there was "simply a failure to pay overtime compensation and/or minimum wages to

covered employees and/or failure to keep payroll records in accordance with the Act." *Id.* There is no need to provide any additional information as long as these elements are properly pleaded. *Id.* "[T]he pleading standard of the Federal Rules of Civil Procedure is not onerous." *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 347-348 (4th Cir. 2005) (quoting *Bass v. E.I Dupont de Nemours & Co.*, 324 F.3d 761, 764 (4th Cir. 2003)).

A "facial attack" on subject matter jurisdiction is brought pursuant to Fed. R. Civ. P. 12(b)(1) and requires the Court to analyze if the Plaintiff has sufficiently alleged a basis of subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-1529 (11th Cir. 1990). In analyzing these facial attacks, the Court proceeds in the exact same manner as it would under a Rule 12(b)(6) motion to dismiss. *Stalley ex rel. U.S. v. Orlando Healthcare System, Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

### III.   ANALYSIS

Defendants argue that Plaintiffs' FLSA claim must be dismissed because the Amended Complaint "does not contain any factual allegations showing that Defendant was Plaintiffs 'employer' as defined by the FLSA." (DE 12 at 3). Defendants appear to argue that because Plaintiffs allege they were construction workers, they must have been independent contractors, not employees, of Defendants. (*Id.*).

The Court finds that Plaintiffs have properly pled that Defendants were their employers under the FLSA. The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer" in relation to an employee. 29 U.S.C. § 203(d). And Defendants concede in their motion that "[w]hether an individual party in his or her individual capacity is an employer for purposes of the FLSA is essentially a question of fact." (*Id.*).

In their Amended Complaint, Plaintiffs specifically allege that Defendants were their employers, that they worked as constructions workers for Defendants, and that Defendants were responsible for paying their wages. *See e.g.,* (DE 5 ¶¶ 3-6, 11-15). On a motion to dismiss, the Court must accept these allegations as true. *See Speaker*, 623 F.3d at 1379; Fed. R. Civ. P. 12(b)(6). Defendants can argue that Plaintiffs were independent contractors in a motion for summary judgment, after the facts have been developed during discovery. S*ee Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 882-883 (11th Cir. 2008).

Because the Court declines to dismiss Plaintiffs' FLSA claim, Defendants' subject matter jurisdiction argument regarding Plaintiffs' state law claims is moot. The Court has jurisdiction over FLSA claims as a matter of federal question jurisdiction. 28 U.S.C. § 1331. The Court may exercise supplemental jurisdiction over state claims that arise "from a common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966), 28 U.S.C. § 1367. Because Plaintiffs' claims all arise out of Defendants' alleged failure to pay Plaintiffs overtime wages, each claim "arise[s] from the same nucleus of operative facts." The state law claims also do not "substantially predominate" over the FLSA claim, satisfying the requirements for supplemental jurisdiction under 28 U.S.C. § 1367(c).

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (DE 12) is **DENIED**. Defendants shall answer Plaintiffs' Amended Complaint within fourteen (14) days of the date of this order.

**DONE AND ORDERED** in chambers in Miami, Florida, this 27th day of July, 2017.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE