UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20415-CIV-WILLIAMS/SIMONTON

LUIS ENRIQUE CAMACHO HOPKINS,    )
MISAEL RIGOBERTO MENOCAL         )
CACERES, JONNATAN TREVINO        )
HERNANDEZ, PAUL LUQUE,           )
FRANCISCO J. ROBLETO and all others )
similarly situated under 29 U.S.C. 216(b) )
                                 )
          Plaintiffs,           )
   vs.                           )
                                 )
KING OF DIAMONDS MIAMI "LLC" A/KA )
CLUB KOD, MOVEMENT EVENTS LLC,   )
JEFFREY VASILAS,                 )
ELLIOT KUNSTLINGER               )
                                 )
          Defendants.           )
_____  )

## DEFENDANT ELLIOT KUNSTLINGER'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

COME NOW, Defendant, ELLIOT KUNSTLINGER, by and through their undersigned attorney, hereby files his Answer to the Complaint and Affirmative Defenses, and contend as follows:

1. Admitted that Plaintiffs purports to bring a claim under the Fair Labor Standards Act. Denied that any Plaintiff is entitled to recovery.

2. Denied as without knowledge of Plaintiffs residency.

3. Paragraph 3 contains allegations directed at a Defendant other than KUNSTLINGER and do not require a response. To the extent a response is required, Defendant KUNSTLINGER denies paragraph 3 as without knowledge.

4. Paragraph 4 contains allegations directed at a Defendant other than KUNSTLINGER and do not require a response. To the extent a response is required, Defendant KUNSTLINGER denies paragraph 4 as without knowledge.

5. Paragraph 5 contains allegations directed at a Defendant other than KUNSTLINGER and do not require a response. To the extent a response is required, Defendant KUNSTLINGER denies paragraph 5 as without knowledge.

6. Denied.

7. Denied.

## **COUNT 1: FEDERAL OVERTIME WAGES**

8. Admitted that Plaintiffs purports to bring a claim under the Fair Labor Standards Act. All other allegations raised in paragraph 8 are denied.

9. Admitted the United States District Courts have original jurisdiction over claims arising under the FLSA. All other allegations raised in paragraph 9 are denied.

10. Paragraph 10 contains legal citations which do not require a response. To the extent a response is required, it is admitted that the Fair Labor Standards Act contains provisions concerning working more than 40 hours in a workweek. However, it is denied that the quotation is contained within the legal citation.

11. Denied as to Defendant KUNSTLINGER. Denied as without knowledge as to other Defendants.

12. Denied as to Defendant KUNSTLINGER. Denied as without knowledge as to other Defendants.

13. Denied as to Defendant KUNSTLINGER. Denied as without knowledge as to other Defendants.

14.     Denied as to Defendant KUNSTLINGER. Denied as without knowledge as to other Defendants.

15.     Denied as to Defendant KUNSTLINGER. Denied as without knowledge as to other Defendants.

16.     Paragraph 16 contains allegations concerning enterprise coverage which are directed towards the corporate Defendants and not to KUNSTLINGER; thus, they do not require a response by KUNSTLINGER. To the extent that KUNSTLINGER is required to respond to paragraph 16, the allegations are denied with respect to Mr. KUNSTLINGER, in his individual capacity. It is denied, as without knowledge, as to the veracity of the allegations concerning any other Defendant.

17.     Paragraph 17 contains allegations concerning enterprise coverage which are directed towards the corporate Defendants and not to KUNSTLINGER; thus, they do not require a response by KUNSTLINGER. To the extent that KUNSTLINGER is required to respond to paragraph 17, the allegations are denied with respect to Mr. KUNSTLINGER, in his individual capacity. It is denied, as without knowledge, as to the veracity of the allegations concerning any other Defendant.

18.     Paragraph 18 contains allegations concerning enterprise coverage which are directed towards the corporate Defendants and not to KUNSTLINGER; thus, they do not require a response by KUNSTLINGER. To the extent that KUNSTLINGER is required to respond to paragraph 18, the allegations are denied with respect to Mr. KUNSTLINGER, in his individual capacity. It is denied, as without knowledge, as to the veracity of the allegations concerning any other Defendant.

19. Paragraph 19 contains allegations concerning joint enterprise which are directed towards the corporate Defendants and not to KUNSTLINGER; thus, they do not require a response by KUNSTLINGER. To the extent that KUNSTLINGER is required to respond to paragraph 19, the allegations are denied, as without knowledge.

20. Paragraph 20 contains allegations concerning joint enterprise which are directed towards the corporate Defendants and not to KUNSTLINGER; thus, they do not require a response by KUNSTLINGER. To the extent that KUNSTLINGER is required to respond to paragraph 20, the allegations are denied, as without knowledge.

21. Paragraph 21 contains allegations directed at a party other than KUNSTLINGER; thus, they do not require a response by KUNSTLINGER. To the extent that KUNSTLINGER is required to respond to paragraph 21, the allegations are denied, as without knowledge.

22. Paragraph 22 contains allegations directed at a Defendant other than KUNSTLINGER and do not require a response. To the extent a response is required, Defendant KUNSTLINGER denies paragraph 22 as without knowledge.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

WHEREFORE, DEFENDANT KUNSTLINGER RESPECTFULLY REQUESTS THIS HONORABLE COURT DISMISS THE COMPLAINT, AWARD REASONABLE

ATTORNEYS' FEES AND COSTS TO DEFENDANT, AND GRANT ANY OTHER RELIEF THIS COURT DEEMS JUST AND PROPER.

## COUNT II: BREACH OF CONTRACT

COMES NOW, Defendant KUNSTLINGER, by and through undersigned counsel, and incorporate by reference each response to paragraph 1 – 30[1], as if fully set herein, and further contend:

30. Denied.

31. Denied as to Defendant KUNSTLINGER. Denied as without knowledge as to all other Defendants.

32. Denied as to Defendant KUNSTLINGER. Denied as without knowledge as to all other Defendants.

33. Denied as to Defendant KUNSTLINGER. Denied as without knowledge as to all other Defendants.

34. Denied as to Defendant KUNSTLINGER. Denied as without knowledge as to all other Defendants.

35. Denied as to Defendant KUNSTLINGER. Denied as without knowledge as to all other Defendants.

36. Denied as to Defendant KUNSTLINGER. Denied as without knowledge as to all other Defendants.

WHEREFORE, DEFENDANT KUNSTLINGER RESPECTFULLY REQUESTS THIS HONORABLE COURT DISMISS THE COMPLAINT, AWARD REASONABLE

---

[1] Plaintiffs' Amended complaint reincorporates allegations 1-30, despite that only 29 allegations precede this clause. As a general precaution, Defendant reincorporates its responses to match Plaintiffs.

ATTORNEYS' FEES AND COSTS TO DEFENDANT, AND GRANT ANY OTHER RELIEF THIS COURT DEEMS JUST AND PROPER.

## COUNT III: UNJUST ENRICHMENT

COMES NOW, Defendant KUNSTLINGER, by and through undersigned counsel, and incorporate by reference each response to paragraph 1 – 36, as if fully set herein, and further contend:

37. Denied.

38. Denied as to Defendant KUNSTLINGER. Denied as without knowledge as to all other Defendants.

39. Denied as to Defendant KUNSTLINGER. Denied as without knowledge as to all other Defendants.

WHEREFORE, DEFENDANT KUNSTLINGER RESPECTFULLY REQUESTS THIS HONORABLE COURT DISMISS THE COMPLAINT, AWARD REASONABLE ATTORNEYS' FEES AND COSTS TO DEFENDANT, AND GRANT ANY OTHER RELIEF THIS COURT DEEMS JUST AND PROPER.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claim is partially barred, or should be reduced by the applicable statute of limitations period as none of Defendants' actions were "willful", as said term is defined by the Fair Labor Standards Act,

2. This action is barred or limited by 29 C.F.R. § 785.47, the *de minimis* doctrine.

3. Plaintiffs are not entitled to compensation for "preliminary or postliminary activities" in accordance with the Portal-to-Portal Act.

4. Any hours worked beyond Plaintiffs' compensated workweek were unauthorized and performed without Defendants' actual or constructive knowledge.

5. Any claim for overtime compensation by Plaintiffs must be off-set by any premium compensation, overpayments, bonuses, compensatory time off, or other job-related benefits paid or provided to Plaintiffs, including a reduction for any compensation already paid to Plaintiff for periods not compensable under the FLSA.

6. The regular rate cannot be computed based upon and overtime compensation cannot be recovered by Plaintiffs for periods of time during which they performed no work, including vacation and/or sick leave, worker's compensation leave, or were otherwise absent from the workplace during that week, including during holidays, missing meetings and other functions attended voluntarily.

7. Any acts or omissions with regard to its pay practices of Plaintiffs were taken in good faith upon a reasonable belief that such pay practices complied with the FLSA, *inter alia*, that Plaintiffs were independent contractors. Accordingly, liquidated damages are not appropriate to be imposed.

8. Defendant KUNSTLINGER is not an owner or officer of the corporate Defendants. Defendant KUNSTLINGER's liability is derivative to that of the corporation. Upon information and belief, the corporate Defendants are not liable to the Plaintiff, and thus, the individual Defendant is not liable to the Plaintiff.

9. To the extent that Plaintiffs performed any services, they did so as independent contractors and are not entitled to relief under the FLSA.

10. Plaintiffs cannot recover both under claims arising in law (breach of contract) and in equity (unjust enrichment).

11. Plaintiffs state law claims for breach of contract and unjust enrichment are preempted by the FLSA.

12. Plaintiffs' claims under Count II do not allow for the recovery of Plaintiff's attorneys fees and costs.

13. Plaintiffs' claims under Count III do not allow for the recovery of Plaintiff's attorneys fees and costs.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Electronic Filing generated by CM/ECF on this 25th day of September, 2017 to:

Randall L. Leshin, Esq.
The Leshin Law Firm
1975 East Sunrise Blvd., Suite 504
Fort Lauderdale, Florida 33304

Rivkah Jaff, Esq.
JH Zidell, PA
300 71st St, Ste 605
Miami Beach, Florida 33141

    Mamane Law LLC
    *Counsel for Defendant Kunstlinger*
    10800 Biscayne Blvd., Suite 350a
    Miami, Florida 33161
    Telephone (786) 704 - 8898
    E-mail: mamane@gmail.com

    *s/ Isaac Mamane*
    Isaac Mamane, Esq.
    Florida Bar No. 44561