UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20415-CIV-WILLIAMS/SIMONTON

LUIS ENRIQUE CAMACHO HOPKINS, )
MISAEL RIGOBERTO MENOCAL )
CACERES, JONNATAN TREVINO )
HERNANDEZ, PAUL LUQUE, )
FRANCISCO J ROBLETO, and all others )
similarly situated under 29 U.S.C. 216(b), )
)
            Plaintiffs, )
vs. )
)
KING OF DIAMONDS MIAMI "LLC" a/k/a )
CLUB KOD, )
MOVEMENT EVENTS LLC, )
JEFFREY VASILAS, )
ELLIOT KUNSTLINGER, )
)
           Defendants. )
_____ )

**PLAINTIFFS', MISAEL RIGOBERTO MENOCAL CACERES AND JONNATAN TREVINO HERNANDEZ, EXPEDITED MOTION TO APPEAR TELEPHONICALLY FOR SETTLEMENT CONFERENCE [DE55] OR, IN THE ALTERNATIVE, FOR COUNSEL TO HAVE FULLY AND FINAL SETTLEMENT AUTHORITY**

**COME NOW** the Plaintiffs, MISAEL RIGOBERTO MENOCAL CACERES ("Caceres") and JONNATAN TREVINO HERNANDEZ ("Hernandez") (collectively Caceres and Hernandez referred to as "Plaintiffs"), by and through counsel, and hereby file the Expedited above-described Motion seeking entry of an Order permitting Plaintiffs to appear telephonically for the upcoming Settlement Conference per [DE55] or, in the alternative, for their counsel to have full and final settlement authority on their behalf, and in support thereof state as follows:

1. The Settlement Conference in this matter was initially set on July 18, 2017, before the Honorable Magistrate Judge Andrea M. Simonton. [DE20].

2. On July 17, 2017, the day prior to the scheduled Settlement Conference, the Court continued the Settlement Conference until August 28, 2017, as result of Defendants, King of Diamonds Miami, LLC, Movement Events, LLC, and Jeffrey Vasilas, failed to file a response to Plaintiffs' Statement of Claim in violation of the Court's Order [DE20] and Notice of Court Practice in FLSA Cases [DE8] and because Defendant, Elliot Kunstlinger, was just served. [DE27].

3. On August 23, 2017, mere days before the continued Settlement Conference, Defendant, Elliot Kunstlinger, moved this Court to again continue the Settlement Conference. [DE38]. Defendant's Motion was granted. [DE38]. As such, on October 12, 2017, the Court continued the Settlement Conference for a third time to occur on October 26, 2017. [DE55].

4. To date, Plaintiff Caceres has expended monies on two (2) different Greyhound bus tickets to travel from Maryland and has missed two (2) days of work in relation to same; Plaintiff was ultimately terminated from his job as a result of the second day of missing work. Plaintiff's current employer has advised Plaintiff that should Plaintiff miss work for the Settlement Conference then he is not to come back to work the following day.

5. Similarly, Plaintiff Hernandez has expended monies on two (2) different airplane tickets to travel from Oklahoma and has missed two (2) days of work in relation to same; Plaintiff was ultimately terminated from his jobs on two (2) separate occasions as a result of missing work for both travel dates.

6. Requiring Plaintiffs Caceres and Hernandez to appear in person for the upcoming Settlement Conference per [DE55] will cause a severe economic hardship to Plaintiffs and may result in Plaintiff Caceres losing his current employment.

7. Plaintiffs have agreed to make themselves available for the scheduled Settlement Conference [DE5] by phone and/or to allow their attorney to have full and final settlement authority on their behalf.

8. Therefore, Plaintiffs, Caceres and Hernandez, respectfully request entry of an Order permitting Plaintiffs to appear telephonically for the Settlement Conference [DE55] or, in the alternative, for counsel to appear on their behalf with full and final settlement authority.

## MEMORANDUM OF LAW

Pursuant to Federal Rules of Civil Procedure Rule 26(c), a party may seek a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…." The party seeking the protective order has the burden of showing that good cause exists by stating particular and specific facts. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981).[1] Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. *See id.* (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5thCir. 1978) (requiring "a particular and specific demonstration of fact as distinguished from

---

[1] "Good cause" is a well established legal phrase. *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11thCir. 1987). Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action. *Id.* In a different context, the Eleventh Circuit court has identified four factors for ascertaining the existence of good cause which include "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1205 (11thCir. 1985). In addition, the Eleventh Circuit has superimposed a "balancing of interests" approach to Rule 26(c). *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11thCir. 1985).

stereotyped and conclusory statements")). Moreover, the alleged harm must be significant, not a mere trifle. *See Cipollone*, 785 F.2d at 1121 (citing *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982)). A court may make any order which justice requires to protect a person from undue burden or expense, including an order that discovery not be had or an order that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery. *De Petro v. Exxon, Inc.*, 118 F.R.D. 523 (M.D. Ala. 1988); *See*, *In re W.J. Estelle, Jr.*, 516 F.2d 480 (5th Cir. 1975).

Plaintiffs have demonstrated good cause as to why Plaintiffs should be permitted to appear by phone at the upcoming Settlement Conference [DE55] or, in the alternative, why their counsel should be permitted to appear with full and final settlement authority in their stead. Due to the aforesaid, having Plaintiffs bear the additional expense of purchasing a third travel ticket from Maryland/Oklahoma to attend the Settlement Conference which has been set for a third time in this matter; the Settlement Conference has never needed to be re-set and/or continued as a result of Plaintiffs and would cause an unreasonable and an undue burden in light of Plaintiffs' economic situation.

**WHEREFORE** PLAINTIFFS, CACERES AND HERNANDEZ, RESPECTFULLY REQUEST ENTRY OF AN ORDER PERMITTING PLAINTIFFS TO APPEAR TELEPHONICALLY FOR THE SETTLEMENT CONFERENCE [DE55] OR, IN THE ALTERNATIVE, FOR COUNSEL TO APPEAR ON THEIR BEHALF WITH FULL AND FINAL SETTLEMENT AUTHORITY.

## CERTIFICATE OF CONFERRAL

The undersigned has conferred with counsel, Randall L. Leshin, Esq., for Defendants, KING OF DIAMONDS MIAMI "LLC" a/k/a CLUB KOD, MOVEMENT EVENTS LLC, JEFFREY VASILAS, who opposes this motion.

The undersigned has conferred with counsel, Daniel T. Feld, Esq., for Defendants, ELLIOT KUNSTLINGER, who is unopposed to this motion.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Neil Tobak, Esq. ___
    Neil Tobak, Esquire
    Florida Bar No.: 93940

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 10/24/17 TO:
RANDALL LEIGH LESHIN, ESQ.
712 E MCNAB RD
POMPANO BEACH, FL 33060
PH: 954-941-9711
FAX: 941-9750
EMAIL: RLESHIN@LESHINLAWFIRM.COM**

**DANIEL T. FELD, ESQ.
DANIEL T FELD P.A.
2847 HOLLYWOOD BLVD.
HOLLYWOOD, FL 33020
PH: (305) 308 - 5619
EMAIL: DANIELFELD.ESQ@GMAIL.COM**

**BY:_____/s/ Neil Tobak_____
NEIL TOBAK, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20415-CIV-WILLIAMS/SIMONTON

LUIS ENRIQUE CAMACHO HOPKINS, )
MISAEL RIGOBERTO MENOCAL )
CACERES, JONNATAN TREVINO )
HERNANDEZ, PAUL LUQUE, )
FRANCISCO J ROBLETO, and all others )
similarly situated under 29 U.S.C. 216(b), )
)
         Plaintiffs, )
  vs. )
)
KING OF DIAMONDS MIAMI "LLC" a/k/a )
CLUB KOD, )
MOVEMENT EVENTS LLC, )
JEFFREY VASILAS, )
ELLIOT KUNSTLINGER, )
)
         Defendants. )
_____ )

**ORDER GRANTING PLAINTIFFS', MISAEL RIGOBERTO MENOCAL CACERES AND JONNATAN TREVINO HERNANDEZ, EXPEDITED MOTION TO APPEAR TELEPHONICALLY FOR SETTLEMENT CONFERENCE [DE55] OR, IN THE ALTERNATIVE, FOR COUNSEL TO HAVE FULLY AND FINAL SETTLEMENT AUTHORITY**

This cause, having come before the Court on the above-described Motion, and the Court being duly advised in the premises, it is ORDERED, ADJUDGED, and DECREED that said Motion is granted and therefore:

1. PLAINTIFFS, MISAEL RIGOBERTO MENOCAL CACERES ("Caceres") AND JONNATAN TREVINO HERNANDEZ ("Hernandez") MAY APPEAR BY PHONE FOR THE SETTLEMENT CONFERENCE PER [DE55] OCCURRING ON OCTOBER 26, 2017, BEFORE THE HONORABLE MAGISTRATE JUDGE ANDEA M. SIMONTON. PLAINTIFFS SHALL CALL _____.

   OR

2. PLAINTIFFS' COUNSEL MAY APPEAR ON BEHALF OF PLAINTIFFS MISAEL RIGOBERTO MENOCAL CACERES ("Caceres") AND JONNATAN TREVINO HERNANDEZ, WITH FULL AND FINAL SETTLEMENT AUTHORITY IN LIEU OF APPEARING AT THE SETTLEMENT CONFERENCE PER [DE55].

DONE AND ORDERED in chambers in Miami-Dade, Florida, on this _____ day of _____, 2017.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies to: Counsel of Record