UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20415-CIV-WILLIAMS/SIMONTON

LUIS ENRIQUE CAMACHO HOPKINS,
MISAEL RIGOBERTO MENOCAL
CACERES, JONNATAN TREVINO
HERNANDEZ, PAUL LUQUE,
FRANCISCO J ROBLETO, and all others
similarly situated under 29 U.S.C. 216(b),

        Plaintiffs,
vs.

KING OF DIAMONDS MIAMI "LLC" a/k/a
CLUB KOD,
MOVEMENT EVENTS LLC,
JEFFREY VASILAS,
ELLIOT KUNSTLINGER,

        Defendants.
_____

**AMENDED SECOND NOTICE OF HEARING BEFORE THE HONORABLE
MAGISTRATE JUDGE ANDREA M. SIMONTON**

PLEASE TAKE NOTICE that the undersigned attorney for the Plaintiff will call to be heard on the Court's discovery calendar before the HONORABLE MAGISTRATE JUDGE ANDREA M. SIMONTON, at the 10th Floor of the James Lawrence King Federal Justice Building, 99 Northeast Fourth Street, Miami, FL 33132, on November 17, 2017, at 10:00 a.m.

Plaintiffs are requesting the Court address issues with respect to Defendant ELLIOT KUNTSLINGER's objections and responses to Plaintiffs' initial set of written discovery

directed towards Defendant ELLIOT KUNTSLINGER. Specifically, Plaintiffs seek to compel better responses to Plaintiffs' First Set of Interrogatories Nos.: 1, 2, 3, 4, 5, and 7 and better responses to Plaintiffs' First Set of Request for Production Nos.: 3, 4, 6, 8, 9, 49, and 50.

1. **Interrogatory No. 1** - Defendant refuses to provide a complete response which includes Defendant's address, phone number and social security number. Defendants objections are improper and do not abide by Court procedure and Plaintiffs believe the information sought is relevant to the identify of Defendant, will enable Plaintiffs to conduct their own independent research as to said Defendant (i.e. for impeachment purposes, etc.), and is relevant to other allegations set forth in the Complaint. Defendant contends that the Interrogatory lacks relevance and should remain private and confidential.

2. **Interrogatory No. 2** - The Parties are in dispute as to whether Defendant has completely responded to said Interrogatory. Plaintiffs contend it is non-responsive, making it unclear as to whether Defendant has knowledge of Plaintiff's wage rates regardless of Defendant's defense that he was not Plaintiffs' "employer" as that term is defined by the FLSA.

3. **Interrogatory No. 3** – Defendant testified that he had provided his attorney with the telephone number of non-party witness Ernest Davilo. Plaintiffs believe that Defendant's Response is incomplete and needs to be supplemented with information obtained through contacting Mr. Davilo. Further, Defendant during the course of his deposition identified other non-party witnesses (i.e. Timothy Kenna,

Bryan Abrahams, etc.) and Defendant needs to completely answer the Interrogatory. This Interrogatory seeks information relevant to potential witnesses who have knowledge of the allegations in the operative Complaint.

4. **Interrogatory No. 4** – Defendants refuse to stipulate to FLSA coverage/subject-matter jurisdiction. Further, Defendant testified regarding the division of the gross revenue between the Defendants which is directly relevant to the joint enterprise/joint employer theories alleged in the instant Complaint. Undoubtedly, Defendant's accountant's information would be relevant, especially in a cash-business such as Defendants. Further, Defendant's financial documents (i.e. bank records, tax returns, underlying documents to the tax returns, etc.) are relevant to said issues. As such, Plaintiff also seeks to compel better responses to **Request for production Nos. 3, 4 6, 8, 9, 49, 50.** Plaintiffs contend Defendant's accountant's contact information and all financial documents are necessary to establish payments made between Defendants, are related to FLSA coverage/subject-matter jurisdiction, to name a few. Defendant objects to the discovery as irrelevant and subject to privacy rights.

5. **Interrogatory No. 7** – The Parties are in dispute over the meaning of employing an individual with 'similar job title and/or duties.' Defendant seeks to limit the question to include only those individuals with the same job title at the same location whereas Plaintiff contends it should include all individuals with similar job and similar duties at any location owned and/or operated by Defendants. This is directly relevant to issues related interstate commerce and these individuals would

also likely have information relevant to the allegations in the Complaint.

Additionally, Plaintiffs are requesting the Court address issues with respect to Defendants KING OF DIAMONDS MIAMI "LLC" a/k/a CLUB KOD, MOVEMENT EVENTS LLC, and JEFFREY VASILAS objections and responses to Plaintiffs initial set of discovery, directed towards the Defendants. Specifically, Plaintiffs seek to compel better responses to Plaintiffs' First Set of Admissions Nos.: 1 – 25, better responses to Plaintiffs' First Set of Interrogatories Nos.: 1 – 10, and better responses to Plaintiff's First Set of Request for Production Nos.: 1 - 125.

1. Plaintiff contends each and every response to interrogatories by Defendants, King of Diamonds Miami, LLC, Movement Events, LLC, and Jeffery Vasilas, violates this Court's procedures on discovery including but not limited to formulaic objections followed by an answer, violates Rule 33, 34, and 36 by not separately stating the request and then the response; further, each and every response by Defendants' King of Diamonds Miami, LLC, Movement Events, LLC, and Jeffery Vasilas, to Plaintiffs' Request for Production and Admissions are merely cut and paste responses and produced in bad faith. Plaintiffs also respectfully request the Court take Judicial Notice of the fact that said Defendants had untimely sought an extension of time from the Court and, as such, were provided additional time to serve their responses allotted by the Rules demonstrating that even with the additional time they still responded in bad-faith. These bad faith litigation tactics have significantly affected Plaintiffs' ability to obtain

relevant information and create record testimony to present to the Court and/or Jury.

Plaintiffs also move to compel the depositions of the 30(b)(6) Corporate Representatives of Defendants, KING OF DIAMONDS MIAMI "LLC" a/k/a CLUB KOD and MOVEMENT EVENTS LLC, and the individual Defendant, JEFFREY VASILAS. Said depositions were properly Noticed for November 13, 2017, and Defendants failed to appear for same. This resulted in wasted attorneys' fees and costs in relation to same.[1] Plaintiffs refer to [DE70] and all attachments thereto and seek all fees and costs in relation to the Hearing and all related work.

Plaintiffs, MISAEL RIGOBERTO MENOCAL CACERES ("Caceres") and JONNATAN TREVINO HERNANDEZ ("Hernandez"), also move for a Protective Order for their Depositions unilaterally set by Defense counsel for Defendant ELLIOT KUNTSLINGER to occur on December 5, 2017. For brevity purposes Plaintiffs refer to [DE60]. Plaintiffs have requested that said depositions be conducted telephonically and Defendants have refused to conduct the depositions as proposed.

Moving counsel certifies that a bona-fide effort to agree or to narrow the issues on the motion notice has been made with opposing counsel or that, because of time considerations, such efforts have not yet been made, but will be made prior to the scheduled hearing.

**CERTIFICATE OF CONFERRAL**

---

[1] A Certificate of Non-Appearance was issued by Plaintiffs' Court Reporter. Mr. Mamane, Esq., appeared on behalf of his client as properly noticed.

The undersigned conferred with Defense Counsel, Daniel T. Feld, Esq., and Isaac Jackie Mamane, Esq., through multiple emails and had telephonic conferences wherein the Parties thoroughly discussed each issue and are unable to resolve the discovery disputes. The undersigned attempted to confer with Defense Counsel Randall Leigh Leshin through multiple emails and had an agreed date to have a telephonic conference wherein the Parties would thoroughly discuss each issue, however, Defense Counsel Randall Leigh Leshin, Esq., did not appear at same. The undersigned continues his conferral attempts with all Counsel of record and will continue up to the time of this hearing.

    Respectfully submitted,

    J. H. ZIDELL, P.A.
    ATTORNEYS FOR DEFENDANTS
    300-71ST STREET
    SUITE 605
    MIAMI BEACH, FL 33141
    305-865-6766
    305-865-7167

    _ s/ Neil Tobak __
    Neil Tobak, Esquire
    Florida Bar No.: 93940

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 11/15/17 TO:**

**RANDALL LEIGH LESHIN, ESQ.
712 E MCNAB RD
POMPANO BEACH, FL 33060
PH: 954-941-9711
FAX: 941-9750
EMAIL: RLESHIN@LESHINLAWFIRM.COM**
*Counsel for Defendants KING OF DIAMONDS MIAMI "LLC" a/k/a CLUB KOD, MOVEMENT EVENTS LLC, and JEFFREY VASILAS*

**DANIEL T. FELD, ESQ.**
**DANIEL T FELD P.A.**
**2847 HOLLYWOOD BLVD.**
**HOLLYWOOD, FL 33020**
**PH: (305) 308 - 5619**
**EMAIL: DANIELFELD.ESQ@GMAIL.COM**
*Counsel for Defendant Elliot Kunstlinger*

**BY:__/s/____Neil Tobak_____**
**NEIL TOBAK, ESQ.**