UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20415-CIV-WILLIAMS/SIMONTON

LUIS ENRIQUE CAMACHO HOPKINS, )
MISAEL RIGOBERTO MENOCAL )
CACERES, JONNATAN TREVINO )
HERNANDEZ, PAUL LUQUE, )
FRANCISCO J. ROBLETO and all others )
similarly situated under 29 U.S.C. 216(b) )
)
)
         Plaintiffs, )
  vs. )
)
)
KING OF DIAMONDS MIAMI "LLC" )
A/K/A CLUB KOD, MOVEMENT EVENTS )
LLC, JEFFREY VASILAS, )
ELLIOT KUNSTLINGER )
)
         Defendants. )
_____

### NOTICE OF HEARING TO COMPEL BETTER ANSWERS TO DEFENDANT'S ELLIOT KUNSTLINGER'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION

    Comes Now Defendant, Elliot Kunstlinger, and hereby gives Notice that a hearing on Defendant's Motion to Compel is set for November 17, 2017 at 10:00 a.m.[1] in front of the Honorable Andrea M. Simonton located on the 10th floor of the James Lawrence King Federal Justice Building 99 N.E. Fourth Street, Room 1067, Miami, Florida 33132.

    1.    All of Plaintiffs' responses to Defendant's requests for production and interrogatories lists an objection followed by an answer in violation of the Court's Order. Defendant requests that the responses be resubmitted without objection. Plaintiffs stand by their objections.

---

[1] Or immediately following Plaintiffs' Notice of hearing to compel discovery.

2.     Plaintiffs discovery responses for Plaintiffs Jonnatan Trevino Hernandez and Misael Rigoberto Menocal Caceres to Defendant's requests for production were due on or before November 8, 2017. On November 9, 2017 and again on November 13, 2017 Defendant's counsel took the position that all objections were waived. Plaintiffs' responses were produced on November 14, 2017 and Plaintiff takes the position that failure to timely respond was inadvertent.

3.     Jonnatan Trevino Hernandez and Misael Rigoberto Menocal Caceres failed to notarize their interrogatory responses.

### Request for Production[2]

1.     Plaintiffs' object to request #1 to producing any documentation identifying the Plaintiffs. Defendant contends these documents are necessary for identification purpose and to determine each Plaintiff's whereabouts during the relevant time period. Plaintiffs contend that Defendant is on a fishing expedition.

2.     Plaintiffs' object to request for production number 2 in producing Plaintiffs social security card. Defendant has agreed to allow them to either produce each Plaintiff's social security via interrogatory response or to produce Plaintiffs' social security card. Plaintiffs' object to providing either.

3.     Request for production number 3. Plaintiffs object as to the relevancy of producing Plaintiffs' tax returns and contend Defendant is on a fishing expedition

4.     Request for production number 4. Plaintiffs object to producing any corporate tax returns filed by the Plaintiff's during the relevant time period and contend Defendant is on a fishing expedition.

---

[2] A detailed explanation of the relevancy for each interrogatory and request for production was sent to Plaintiffs' counsel and is attached hereto as exhibit "A."

5. Request for production number 5. Plaintiffs object to the relevancy of producing any W-2 or 1099 forms issued during the relevant time period.

6. Request for production number 6. Plaintiffs object to producing bank statements, which Defendant contends are relevant in as it relates to the economic realities test.

7. Request for production number 7. Plaintiff objects to producing credit card statements which Defendant contend is relevant to the economic realities test as well as to hours worked.

8. Request for production number 8 listed as response to number 7 in Plaintiff Robleto's response is unanswered and Defendant contends objection has been waived.

9. Request for production number 23. Plaintiffs object to the production of cell phone records. Defendants contend that said records are relevant to the hours worked.

10. Request for production number 24. Plaintiffs object to the production of documentation related to doctor visits Plaintiffs may have attended during the relevant time period. Defendant contends these documents are relevant to the hours allegedly worked by Plaintiffs.

11. Request for production number 25. Production of insurance documents related to doctor visits during relevant time period. Plaintiff objects as irrelevant. Defendant contends it is relevant to the hours allegedly worked by Plaintiffs.

12. Request for production number 26. Plaintiffs object to the production of social media accounts as irrelevant. Defendant contends these documents are relevant to the hours allegedly worked by Plaintiffs.

13. Request for production number 31. Plaintiff objects to the production of documents related to unemployment benefits received by Plaintiffs during the relevant time period they allege

to have worked for Defendants. Defendant contends these documents are relevant for impeachment purposes.

14.  Request for production number 33. Production of other litigation documents. Plaintiffs object as irrelevant. Defendant contends these documents are relevant for hours worked and for impeachment purposes.

15.  Request for production number 43. With the exception of Plaintiff Robleto, Plaintiffs object to producing documentation of any remuneration received by Plaintiffs during the relevant time period. Defendant contends that these documents are relevant for purposes of the economic realities test.

## Interrogatories[3]

1.  Plaintiffs object to interrogatory number 3. Defendant claims that the names of each Plaintiff's children and school attended are relevant to determine hours worked. Plaintiffs take the position that Defendant's counsel should first depose the Plaintiffs to see its relevancy.

2.  As to interrogatory number 4, Plaintiffs object to providing sworn damage calculations for Plaintiffs Hopkins and Robleto. Defendant contends that he is entitled to sworn damage calculations.

3.  Plaintiffs' object to interrogatory number 8 as to medical professionals that Plaintiffs went to see during the relevant time period when they claim they were working overtime. Defendants believe it is relevant to the extent it contradicts the hours allegedly worked. Plaintiffs have stated that they may agree to provide information as it relates to appointments made during working hours.

---

[3] A detailed explanation of the relevancy for each interrogatory and request for production was sent to Plaintiffs' counsel and is attached hereto as exhibit "A."

4. Plaintiffs' object to interrogatory number 9 as a fishing expedition. Defendant contends these phone numbers are relevant in determining hours worked by Plaintiffs.

>Respectfully Submitted,
>
>Daniel T. Feld, Esq.
>Daniel T. Feld, P.A.
>Counsel for Defendant Elliot Kunstlinger
>2847 Hollywood Blvd.
>Hollywood, Florida 33020
>Tel: (305) 308-5619
>Email: DanielFeld.Esq@gmail.com
>
>By:__/s/ *Daniel T. Feld* _____
>    Daniel T. Feld, Esq.
>    Florida Bar Number: 0037013

**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of Defendant's Notice of Hearing was sent via CM/ECF to Neil Tobak, Esq., J.H. Zidell P.A., 300 71st Suite 605, Miami Beach, Florida 33141, Email: ntobak.zidellpa@gmail.com, Rivkah Fay Jaff, Esq., J.H. Zidell, P.A., 300 71st, Street, Suite 605, Miami Beach, Florida 33141, Email: Rivkah.Jaff@gmail.com, Jamie H. Zidell, Esq., 300 71st Street, Suite 605, Miami Beach, Florida 33141, Email: Zabogado@aol.com, Randall L. Leshin, Esq., 1975 E Sunrise Blvd., Suite 504, Fort Lauderdale, Florida 33304-1409, E-mail: rleshin@leshinlawfirm.com on this 15th day of November, 2017.

>Daniel T. Feld, Esq.
>Daniel T. Feld, P.A.
>Counsel for Defendant Elliot Kunstlinger
>2847 Hollywood Blvd.
>Hollywood, Florida 33020
>Tel: (305) 308-5619
>Email: DanielFeld.Esq@gmail.com
>
>By:__/s/ *Daniel T. Feld* _____
>    Daniel T. Feld, Esq.
>    Florida Bar Number: 0037013