**Daniel Feld, Esq.**

| | |
|---|---|
| **From:** | Daniel Feld <danielfeld.esq@gmail.com> |
| **Sent:** | Wednesday, November 8, 2017 12:39 PM |
| **To:** | 'Rivkah Jaff' |
| **Cc:** | 'rleshin'; 'Isaac Mamane, Esq.'; 'Neil Tobak, Esq.'; 'JH Zidell' |
| **Subject:** | RE: SERVICE OF COURT DOCUMENTS: 1:17-cv-20415-KMW Hopkins et al v. King of Diamonds Miami "LLC" et. al. |

Rivkah,

I will initiate the call on Monday to confer at 4:30 p.m. While we believe all our requests to be relevant, for the purposes of narrowing down this matter, I will limit the areas I seek to compel better answers on.

As an initial matter, nearly every response to Defendant's requests for production and interrogatories lists an objection followed by an answer in violation of the Court's Order. As such, we request that the responses be resubmitted without objection.

## Interrogatories

3. The names of the children are relevant to the case to determine time missed from work. For example, if any of the Plaintiff's had children whom were ill and he was required to leave work to take care of the child, then it would contradict the hours they worked. Additionally, if any of the children were young, Plaintiffs would generally be required to sign-out the child upon pick-up and indicate the time of pick-up, see *Estrada v. Rangel*, 12-cv-23614-AOR where this was very much an issue. These records are relevant to contradict the hours that Plaintiffs are claiming in this case.

4. We are entitled to have Plaintiff swear/attest to the accuracy of his damage calculations, see answer does neither, see *Boasci v. Imperial Spa & Salon, Inc.*, No. 613CV1520ORL36KRS, 2014 WL 12618179, at *2 (M.D. Fla. May 2, 2014) (Defendants are entitled to sworn damage calculations). Your only provided damage calculations for Paul Luque, but not for Plaintiffs Hopkins and Robleto.

8. These items are relevant to determine what dates your client missed work to attend medical appointments.

9. Cellular carrier and phone number are relevant. Carrier records record the location and time where the Plaintiff was during his day. We intend to subpoena these records from the Carrier during the relevant time period. If Plaintiff's were in another location during the time they claim to be working, it would contradict the hours they alleged to have worked.

## Request for Production

1. See *Jimenez v. CAI Int'l, Inc.*, No. 12-21800-CIV, 2012 WL 12895516, at *2 (S.D. Fla. Sept. 19, 2012)("Finally, Plaintiff's objection to the driver's license record is similarly meritless.") My client has no idea who these Plaintiffs are, and their identification is very much at issue, see the matter handled by your firm in *Aguilar v. United Floor Crew, Inc.*, No. 14-CIV-61605, 2015 WL 2415421, at *1 (S.D. Fla. May 21, 2015) where the Court dismissed Plaintiff's claim due to an issue regarding his identity. Furthermore, items such as passports are relevant as it will evidence any travel that the Plaintiffs took during the relevant time period.

2. For the reasons outlined in #1. I believe we should be entitled to a copy of each Plaintiff's social security card.

3. Tax returns are highly relevant and discoverable, see *Jimenez v. CAI Int'l, Inc.*, No. 12-21800-CIV, 2012 WL 12895516, (S.D. Fla. Sept. 19, 2012) (finding Plaintiff's tax returns discoverable).

That is especially the case with the documents at issue here. Tax returns and financial information of a plaintiff in any employment case may be very relevant, at least for impeachment purposes. In this case, Plaintiff claims that he was working over 60 hours per work as a maintenance worker. If, for example, his tax returns revealed additional income during the relevant time period that would be indicative of other work that he was performing, and contradict the hours that he worked.

> Similarly, his income history could also reveal the same type of information with which to impeach Plaintiff before the jury. In an employment case a Plaintiff's financial history may indeed have a great deal of bearing in the presentation of Defendant's defenses. As a result, they are discoverable under Rule 26. *See, e.g., Buckley Towers Condo., Inc. v. QBE Ins. Corp.,* 2008 WL 2645680 (S.D. Fla. June 26, 2008) ("But even if the information is only useful for purposes of impeachment or corroboration, it may still be discoverable whether or not it will ultimately be admissible in evidence at trial.") (citing *Hickman v. Taylor,* 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451 (1947)); *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.,* 2007 WL 1526649, *2 (S.D. Fla. May 22, 2007).[1]

*Jimenez v. CAI Int'l, Inc.*, No. 12-21800-CIV, 2012 WL 12895516, at *2 (S.D. Fla. Sept. 19, 2012). Furthermore, your reliance on *Bonachea-Perez vs. Ore Seafood* is likewise off point for two reasons; (1) Said Order dealt with compelling Defendants tax returns, not Plaintiffs tax returns; and (2) the decisions in *Bonachea-Perez vs. Ore Seafood* (entered on 7/29/11) and the decision in *Jimenez v. CAI Int'l, Inc.*, (entered on 9/19/12) were both issued by Judge Torres. It is clear by his position in *Jimenez*, that he in no way shape or form, intended the *Bonachea-Perez vs. Ore Seafood* to stand for the proposition that Plaintiff's tax records and not discoverable.

4. See no. 3, if Plaintiffs were running other businesses we would have a right to said information, as it would go directly towards the economic realities test.

5. If Plaintiffs were issued 1099 or W-2 by any employer during the relevant time frame, it becomes relevant both as to economic dependence as well as to the hours worked by Plaintiff.

6. (This request is unnumbered in Robleto response) Again the bank statements are relevant to the extent it would show income derived by Plaintiff's from other sources of employment which in turn would negate any argument relating to Plaintiff's economic dependence. Likewise, it may also be relevant, if your client used a debit card on the account, to show purchases of materials/tools for these projects your clients claim to have been working on, an element on the economic realities test.

7. Request seeks credit card statements. It's relevant for the same reasons as no. 6. Additionally, credit card statements these days state the town that purchases were made in. For example, if your client was making a purchase for gasoline at Exxon/Mobil in Orlando/Tallahassee/ Tampa etc. on October 19, 2016, it may go to discredit his testimony that he also happened to work 12 hours that day for any of the Defendants.

8. Our number 8 request, listed as # 7 on Robleto response is unanswered and any objections have been waived.

22. (Robleto 21), is non-responsive. We have a right to know if there are any documents that Plaintiff's relied upon in calculating their damages.

23. (Robleto 22). Cell phone records are relevant, see *Bellosa v. Universal Tile Restoration, Inc.*, No. 08-60054-CIV, 2008 WL 2620735, at *3 (S.D. Fla. June 30, 2008).

24. (Robleto 23), documentation related to doctor visits are relevant, if Plaintiff was at the doctor he could not have been working during that time or his hours would have been greatly reduced that day.

25. (Robleto 24), same as above relating to doctor's visits.

26. (Robleto 25), social media accounts are relevant. For example, if can be used to impeach your clients if your clients are posting on social media that they are on vacation or are at some event during the time they claim to have been working overtime.

31. (Robleto 30); Unemployment benefits. They might be receiving benefits while working here. Especially since they were being paid cash. That would go a long way in front of a jury. It's admissible as an impeaching statement since they need to swear under penalty of perjury that they are out of work and looking for a job, yet they claim to be employed here.

33. (Robleto 32) is relevant. These litigation proceedings are relevant. For example, if your client was involved in a family court matter and under reported his income, or if he was in traffic court while claiming to work for Defendants or if he made contradictory statements or took a contradictory position in any of these other cases, it would be very relevant to this matter.

43. While this was answered as none for Robleto, you objected to responding to this request for Hopkins and Luque. Again, while you make the conclusory argument that each Plaintiff was economically dependent, I believe that matter is one for the Court to decide. Therefore, any payments received by Plaintiffs during the relevant time period is clearly relevant for the Court to analyze whether Plaintiffs were economically dependent on any of the Defendants. Furthermore, if Plaintiffs are being paid by other employers during the time period they claim to be working overtime, it would call into question the hours they claim to be simultaneously working for Defendants.

Daniel T. Feld, Esq.
Daniel T. Feld, P.A.
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (305) 308-5619
Email: DanielFeld.Esq@gmail.com

**From:** Rivkah Jaff [mailto:rivkah.jaff@gmail.com]
**Sent:** Friday, November 3, 2017 8:12 AM
**To:** Daniel Feld, Esq. <danielfeld.esq@gmail.com>
**Cc:** rleshin <rleshin@leshinlawfirm.com>; Isaac Mamane, Esq. <mamane@gmail.com>; Neil Tobak, Esq. <ntobak.zidellpa@gmail.com>; JH Zidell <zabogado@aol.com>
**Subject:** Re: SERVICE OF COURT DOCUMENTS: 1:17-cv-20415-KMW Hopkins et al v. King of Diamonds Miami "LLC" et. al.

Daniel:

We are available on Monday Nov 13 to confer over your issues regarding discovery. We are available at 4:30 to discuss same. Please confirm that you will initiate the call. Please provide us with a written conferral prior to same so that we are able to possibly resolve some of the disputes prior to same. If you would rather wait until Wednesday of Nov 13 so that you are able to review the other 2 Plaintiffs discovery responses and discuss everything then let us know.

Randall, Neil will initiate the call on Nov 6 as agreed to by and between you and Neil - Daniel let us know if you want to participate in that call.