UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20415-CIV-WILLIAMS/SIMONTON

LUIS ENRIQUE CAMACHO HOPKINS, )
MISAEL RIGOBERTO MENOCAL )
CACERES, JONNATAN TREVINO )
HERNANDEZ, PAUL LUQUE, )
FRANCISCO J. ROBLETO and all others )
similarly situated under 29 U.S.C. 216(b) )
)
       Plaintiffs, )
vs. )
)
KING OF DIAMONDS MIAMI "LLC" A/KA )
CLUB KOD, MOVEMENT EVENTS LLC, )
JEFFREY VASILAS, )
ELLIOT KUNSTLINGER )
)
       Defendants. )

**DEFENDANT, ELLIOT KUNSTLINGER'S RESPONSE TO PLAINTIFFS' MOTION TO DIRECT DEFENDANTS TO MATERIALLY REPRESENT TO THE COURT THAT PLAINTIFF, PAUL LUQUE, DID NOT RECEIVE ANY FORM OF COMPENSATION, DIRECTLY OR INDIRECTLY, FROM DEFENDANTS**

    Comes Now Defendant, Elliot Kunstlinger, by and through undersigned counsel, and hereby files Defendant, Elliot Kunstlinger's Response in Opposition of Plaintiffs' Motion and in support thereof states as follows:

    1.    On November 21, 2017, the parties filed a joint stipulation of dismissal with prejudice as to Plaintiff, Paul Luque [DE 79].

    2.    Immediately, thereafter, and without further consultation with either of Defendants' counsel, Plaintiffs' counsel filed the current motion [DE 80].

    3.    It appears that the law firm of J.H. Zidell P.A. and its associated attorneys, still represent Mr. Luque and were instructed by Mr. Luque to dismiss his claims with prejudice.

4.	There are many reasons why a Plaintiff may not desire to continue with a claim. The undersigned does not know the reasons behind why Paul Luque does not desire to proceed with his claim. Perhaps, Mr. Luque realized the frivolousness of his claim and did not wish to put himself through the scrutiny of the discovery process at the end of which may result in him paying Defendants' fees and costs. Perhaps, Mr. Luque did not desire to take time off from running his own construction company, Paul Luque Construction Corp., in order to pursue his claim.[1] Perhaps, Mr. Luque simply had a change of heart in his decision to pursue the case. However, these are just guesses, and the only Mr. Luque and (presumably) his counsel would know why he no longer desires to proceed with his claim.

5.	Upon inquiry by Plaintiffs' counsel, on November 14, 2017 the undersigned represented to Plaintiffs' counsel via email that Defendant Elliot Kunstlinger had not reached a backdoor deal with Mr. Luque. On November 16, 2017, counsel for the remaining Defendants made the representation via email to Plaintiffs' counsel that no backdoor deal was reached between his clients and Mr. Luque.

6.	Furthermore, before filing the stipulation of dismissal, the parties conferred via email. The undersigned sent the following email on November 14, 2017 which stated:

> Rivkah,
>
> Our agreement was for the joint stipulation, not for an unopposed motion which will just cause my client to incur additional unnecessary fees. The stipulation under 41(a)(1)(A)(ii) sets forth our agreement. If you file it under 40(a)(2) there is no telling what conditions, set forth by Defendants, that the court will attach to the dismissal, see T*esma v. Maddox-Joines, Inc.*, No. 08-81095CIVZLOCH, 2009 WL 230158 (S.D. Fla. Jan. 30, 2009)(requiring Plaintiff's to pay Defendants attorney fees as condition for dismissal). If your motion is something that will cause my client to incur additional fees, it is something we will likely oppose. This is a road I rather not travel down.

---

[1] Defendants' counsel intended to question Mr. Luque on this fact at his upcoming scheduled deposition on December 5, 2017.

> Additionally, please do not read anything into the fact that I refuse to include your additional language into the stipulation. I believe it is unnecessary and bad business practice to do so. My client has not, and will not, enter into any backdoor settlements with your clients.

7. On November 20, 2017, the undersigned made it clear, via two separate emails, that Plaintiffs' counsel had two options: (1) file an opposed motion to which conditions of attorney's fees and costs would condition the dismissal, or; (2) file a neutral joint stipulation of dismissal:

> Rivkah,
>
> See my November 14 email. I sent you the version of the stipulation that we would agree to and I do not agree for any emails to be filed in conjunction with stipulation. If any motion, other than the stipulation I proposed is filed, we will be conditioning the dismissal see T*esma v. Maddox-Joines, Inc.*, No. 08-81095CIVZLOCH, 2009 WL 230158 (S.D. Fla. Jan. 30, 2009)(requiring Plaintiff's to pay Defendants attorney fees as condition for dismissal).
>
> Rivkah,
>
> I have told you three times already, we will not agree to the language in your stipulation. If you want to take your chances, be my guest, you can note that we oppose your motion and want all our fees and costs as a condition for dismissal. Alternatively, you can file the language neutral stipulation I have provided to you which conforms to rule 41.

8. On November 21, 2017, Plaintiff did not heed previous warnings, and knowing that the stipulation was only an alternative to the present motion, Plaintiffs' counsel elected to file *both* the stipulation [DE 79] and her present motion [DE 80]. This necessitates Defendant to incur additional unnecessary fees in responding to Plaintiffs' Motion.

9. Although displeased with the underhanded conduct of Plaintiffs' counsel, the undersigned does not desire to cast the first stone in seeking fees.[2] Rather, so that Mr. Kunstlinger does not incur further unnecessary fees and costs associated with the defense against the claims by

---

[2] See T*esma v. Maddox-Joines, Inc.*, No. 08-81095-CIV-ZLOCH, 2009 WL 230158 (S.D. Fla. Jan. 30, 2009), as well as *Ortiz v. D & W Foods, Inc.*, 657 F. Supp. 2d 1328 (S.D. Fla. 2009) awarding fees and costs as a condition of dismissal.

Mr. Luque, the undersigned requests that the Court and an Order dismissing the claims of Mr. Luque with prejudice as set forth in the parties' stipulation [DE 79] and deny Plaintiffs' Motion [DE 80] as moot.

10.  Furthermore, Plaintiffs' Motion [DE 80] is moot, as a stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) becomes effective upon filing, see *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012) thereby divesting the Court of jurisdiction as to Plaintiff Luque.

> Most of our sister circuits have directly or implicitly found, in published and unpublished opinions, that a stipulation filed under Rule 41(a)(1)(A)(ii) is self-executing and dismisses the case upon filing. *Gambale v. Deutsche Bank AG,* 377 F.3d 133, 139 (2d Cir.2004) ("Generally ... a plaintiff's filing in the district court of a stipulation of dismissal signed by all parties pursuant to Rule 41(a)(1)(A)(ii) divests the court of its jurisdiction over a case, irrespective of whether the district court approves the stipulation."); *Kabbaj v. Am. Sch. of Tangier,* 445 Fed.Appx. 541, 544 (3d Cir.2011) (per curiam) ("A dismissal under Rule 41(a)(1)(A)(ii) is automatic; it does not require judicial approval." (citing *First Nat'l Bank of Toms River v. Marine City, Inc.,* 411 F.2d 674, 677 (3d Cir.1969))); *SmallBizPros,* 618 F.3d at 463 ("[A] voluntary stipulation of dismissal under Rule 41(a)(1)(A)(ii) is effective immediately, [so] any action by the district court after the filing of such a stipulation can have no force or effect because the matter has already been dismissed ...."); *Green v. Nevers,* 111 F.3d 1295, 1301 (6th Cir.1997) (noting that a "properly stipulated *1278 dismissal under Rule 41(a)(1)[ (A) ](ii) is self-executing and does not require judicial approval ...."); *Jenkins v. Vill. of Maywood,* 506 F.3d 622, 624 (7th Cir.2007) ("[U]nder Rule 41(a)[(1)(A)(ii)], the dismissal was effective immediately upon the filing of the Stipulation ...."); *Gardiner v. A.H. Robins Co.,* 747 F.2d 1180, 1189 (8th Cir.1984) (recognizing that the entry of a stipulation under Rule 41(a)(1)(A)(ii) is effective automatically and does not require judicial approval); *De Leon,* 659 F.3d at 1284 (characterizing a Rule 41(a)(1)(A)(ii) dismissal as self-executing); *In re Wolf,* 842 F.2d 464, 466 (D.C.Cir.1988) (per curiam) (" '[C]aselaw concerning stipulated dismissals under Rule 41(a)(1)[ (A) ](ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval.' " (quoting *Gardiner,* 747 F.2d at 1189)); *see also Marino v. Pioneer Edsel Sales, Inc.,* 349 F.3d 746, 752 n. 1 (4th Cir.2003) (noting that dismissals by stipulation pursuant to Rule 41(a)(1)(A)(ii) are not effectuated by court order); *Commercial Space Mgmt. Co. v. Boeing Co.,* 193 F.3d 1074, 1077 (9th Cir.1999) (noting, when discussing a Rule 41(a)(1)(A)(i) dismissal, that Rule 41(a)(1) dismissals are generally automatic and contrasting them with Rule 41(a)(2) dismissals).

> The distinctions Rule 41(a)(1) draws between stipulations and notices are based on the stage of litigation during which they may be filed. The Rules make no distinction regarding their effect on litigation. *See* Fed.R.Civ.P. 41(a)(1)(B) (discussing the effect of a "notice or stipulation"). We have found that notices of dismissal allowed for under Rule 41(a)(1)(A)(i) are effective upon filing, and we find no reason to require judicial approval of stipulations of dismissal filed under Rule 41(a)(1)(A)(ii). *See In re Wolf,* 842 F.2d at 466 (finding instructive cases interpreting Rule 41(a)(1)(A)(i) to determine the effect of a Rule 41(a)(1)(A)(ii) filing).
>
> Therefore, we find that the plain language of Rule 41(a)(1)(A)(ii) requires that a stipulation filed pursuant to that subsection is self-executing and dismisses the case upon its becoming effective. The stipulation becomes effective upon filing unless it explicitly conditions its effectiveness on a subsequent occurrence. District courts need not and may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction. *See SmallBizPros,* 618 F.3d at 464.

*Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1277–78 (11th Cir. 2012).

11. Lastly, to the extent Plaintiffs' counsel argues that the implications in *Anago Franchising, Inc. v. Shaz,* do not apply to FLSA cases, said argument was rejected by this Court in *Otegui v. City Works Constr. LLC*, No. 14-21057-CIV, 2017 WL 945638, at *3 (S.D. Fla. Jan. 17, 2017).

12. In conclusion there was no need for Plaintiffs' counsel to file this motion, as Defendant's counsel has represented to Plaintiffs' counsel that Defendant, Elliot Kunstlinger, did not reach a backdoor deal with Plaintiff Luque[3]. Furthermore, Plaintiffs' motion became moot prior to the filing of Plaintiffs' Motion [DE 80] as the stipulation of dismissal [DE 79] filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) is self-executing thereby dismissing Plaintiff Luque's claims.

---

[3] Likewise, counsel for remaining Defendants made the same representation to Plaintiffs' counsel.

Wherefore, Defendant, Elliot Kunstlinger, respectfully requests that the Court deny Plaintiffs' Motion or alternatively deem Plaintiffs' Motion moot for a lack of jurisdiction.

        Respectfully Submitted,

        Daniel T. Feld, Esq.
        Daniel T. Feld, P.A.
        Counsel for Defendant Elliot Kunstlinger
        2847 Hollywood Blvd.
        Hollywood, Florida 33020
        Tel: (305) 308-5619
        Email: DanielFeld.Esq@gmail.com

        By:__/s/ *Daniel T. Feld* _____
           Daniel T. Feld, Esq.
           Florida Bar Number: 0037013

## **CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of Defendant's Response in Opposition to Plaintiffs' Motion was sent via CM/ECF to Neil Tobak, Esq., J.H. Zidell P.A., 300 71st Suite 605, Miami Beach, Florida 33141, Email: ntobak.zidellpa@gmail.com, Rivkah Fay Jaff, Esq., J.H. Zidell, P.A., 300 71st, Street, Suite 605, Miami Beach, Florida 33141, Email: Rivkah.Jaff@gmail.com, Jamie H. Zidell, Esq., 300 71st Street, Suite 605, Miami Beach, Florida 33141, Email: Zabogado@aol.com and to Randall L. Leshin, Esq., 1975 E Sunrise Blvd., Suite 504, Fort Lauderdale, Florida 33304-1409, E-mail: rleshin@leshinlawfirm.com on this 29th day of November, 2017.

        Daniel T. Feld, Esq.
        Daniel T. Feld, P.A.
        Counsel for Defendant Elliot Kunstlinger
        2847 Hollywood Blvd.
        Hollywood, Florida 33020
        Tel: (305) 308-5619
        Email: DanielFeld.Esq@gmail.com

        By:__/s/ *Daniel T. Feld* _____
           Daniel T. Feld, Esq.
           Florida Bar Number: 0037013