UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20415-CIV-WILLIAMS/SIMONTON

LUIS ENRIQUE CAMACHO HOPKINS,        )
MISAEL RIGOBERTO MENOCAL             )
CACERES, JONNATAN TREVINO            )
HERNANDEZ, PAUL LUQUE,               )
FRANCISCO J. ROBLETO and all others  )
similarly situated under 29 U.S.C. 216(b) )
                                     )
            Plaintiffs,              )
    vs.                              )
                                     )
KING OF DIAMONDS MIAMI "LLC" A/KA    )
CLUB KOD, MOVEMENT EVENTS LLC,       )
JEFFREY VASILAS,                     )
ELLIOT KUNSTLINGER                   )
                                     )
            Defendants.              )

**DEFENDANTS, KING OF DIAMONDS, MOVEMENT EVENTS AND JEFFERY VASILAS RESPONSE TO PLAINTIFFS' MOTION TO DIRECT DEFENDANTS TO MATERIALLY REPRESENT TO THE COURT THAT PLAINTIFF, PAUL LUQUE, DID NOT RECEIVE ANY FORM OF COMPENSATION, DIRECTLY OR INDIRECTLY, FROM DEFENDANTS**

Comes Now Defendants, King of Diamonds, Movement Events and Jeffrey Vasilas (all collectively referred to as KOD), by and through undersigned counsel, and hereby files their Response in Opposition of Plaintiffs' Motion and in support thereof states as follows:

1.     KOD adopts and incorporates by reference the response filed by co-defendant Elliot Kunstlinger [DE 82] in its entirety, insofar as it applies to the KOD defendants. KOD further states:

2.     On November 21, 2017, the parties filed a joint stipulation of dismissal with prejudice as to Plaintiff, Paul Luque [DE 79].

3.     Immediately, thereafter, and without further consultation with either of Defendants' counsel, Plaintiffs' counsel filed the current motion [DE 80], contrary to the express agreement of the parties.

4. There are many reasons why a Plaintiff in the instant circumstances may want to dismiss his claims. Perhaps Mr. Luque realized the frivolousness of his claim against the current defendants. Maybe he didn't want to put himself through the scrutiny of the discovery process (at the end of which may result in him paying Defendants' fees and costs). Perhaps, Mr. Luque did not desire to take time off from running his own construction company, Paul Luque Construction Corp. However, these are just guesses, and only Mr. Luque and (presumably) his counsel would know why he no longer desires to proceed with his claim.

5. Upon inquiry by Plaintiffs' counsel, on November 14, 2017 the undersigned represented to Plaintiffs' counsel via email that his clients had not reached a backdoor deal with Mr. Luque. On November 16, 2017, counsel for the remaining Defendant made the same representation via email to Plaintiffs' counsel.

6. Furthermore, before filing the stipulation of dismissal, the parties conferred via email. Emails were exchanged which made it clear that no defendants were going to go further than they already had, and if plaintiff's counsel persisted in making unreasonable demands, attorney fees and costs would be sought.

7. On November 20, 2017, it was made clear, via two separate emails, that Plaintiffs' counsel had two options: (1) file an opposed motion to which conditions of attorney's fees and costs would apply, or; (2) file a neutral joint stipulation of dismissal. It appeared that plaintiff's counsel had agreed to the joint stipulation.

8. But on November 21, 2017, Plaintiff did not comply with the agreement, and elected to file *both* the stipulation [DE 79] and her present motion [DE 80]. Now Defendants must incur additional unnecessary fees in responding to Plaintiffs' Motion.

9. The KOD defendants request that the Court dismiss the claims of Mr. Luque with prejudice as set forth in the parties' stipulation [DE 79] and deny Plaintiffs' Motion [DE 80] as moot.

10. Plaintiffs' Motion [DE 80] is moot, because a stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) becomes effective upon filing, see *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012) thereby divesting the Court of jurisdiction as to Plaintiff Luque. See quoted language in co-defendants response [DE 82]. As the Court said:

> District courts need not and may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction.

11. Lastly, to the extent Plaintiffs' counsel argues that the discussion in *Anago Franchising, Inc. v. Shaz* does not apply to FLSA cases, said argument was rejected by this Court in *Otegui v. City Works Constr. LLC*, No. 14-21057-CIV, 2017 WL 945638, at *3 (S.D. Fla. Jan. 17, 2017).

12. In conclusion there was no good reason for Plaintiffs' counsel to file this motion, as all Defendants counsel have represented that there was no backdoor deal reached with Plaintiff. Furthermore, Plaintiffs' motion became moot prior to the filing of Plaintiffs' Motion [DE 80] as the stipulation of dismissal [DE 79] filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) is self executing in dismissing Plaintiff Luque's claims and divests the Court of jurisdiction over those claims.

Wherefore, the KOD Defendants respectfully request that the Court deny Plaintiffs' Motion or deem Plaintiffs' Motion moot for a lack of jurisdiction.

Respectfully Submitted,

By: /s/Randall L. Leshin
Randall L. Leshin , Esq.
Florida Bar No. 380253
Randall Leshin, P.A.
Attorney for King of Diamonds Miami, LLC,
Movement Events, LLC, and Jeffery Vasilas
1975 East Sunrise Blvd., Suite 504
Ft. Lauderdale, FL 33304
Tel. 954-941-9711
rleshin@leshinlawfirm.com
email@leshinlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record or pro se parties listed below who are authorized to receive electronically Notices of Electronic Filing in this matter.

By: /s/Randall L. Leshin
Randall L. Leshin , Esq.
Florida Bar No. 380253
Randall Leshin, P.A.
Attorney for King of Diamonds Miami, LLC,
Movement Events, LLC, and Jeffery Vasilas
1975 East Sunrise Blvd., Suite 504
Ft. Lauderdale, FL 33304
Tel. 954-941-9711
rleshin@leshinlawfirm.com
email@leshinlawfirm.com

Jamie H. Zidell, Esq.,
J.H. Zidell, P.A.
Attorney For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
(305) 865-6766
ZABOGADO@AOL.COM

Neil Tobak, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
(305) 865-6766
ntobak.zidellpa@gmail.com

Rivkah Jaff, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Rivkah.Jaff@gmail.com

Daniel T. Feld, Esq.
Daniel T Feld P.A.
Attorney for Defendant, Elliot Kunstlinger
2847 Hollywood Blvd.
Hollywood, FL 33020
(305) 308 - 5619
DanielFeld.Esq@Gmail.com

Isaac Jackie Mamane, Esq.
Mamane Law LLC
Attorney for Defendant, Elliot Kunstlinger
10800 Biscayne Blvd., Suite 350A
Miami, FL 33161
(305) 773-6661
Mamane@gmail.com