UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20415-CIV-WILLIAMS/SIMONTON

LUIS ENRIQUE CAMACHO HOPKINS, )
MISAEL RIGOBERTO MENOCAL )
CACERES, JONNATAN TREVINO )
HERNANDEZ, PAUL LUQUE, )
FRANCISCO J. ROBLETO and all others )
similarly situated under 29 U.S.C. 216(b) )
                                      Plaintiffs, )
    vs. )
                                )
KING OF DIAMONDS MIAMI "LLC" A/KA )
CLUB KOD, MOVEMENT EVENTS LLC, )
JEFFREY VASILAS, )
ELLIOT KUNSTLINGER )
                                     Defendants. )

**DEFENDANT, ELLIOT KUNSTLINGER'S EXPEDITED MOTION TO APPEAR TELEPHONICALLY FOR THE COURT'S SETTLEMENT CONFERENCE**

Comes Now Defendant, Elliot Kunstlinger, by and through undersigned counsel, and hereby files Defendant's Expedited Motion and in support thereof states as follows:

1.    A settlement conference is scheduled to take place on January 9, 2018 at 2:00 p.m.

2.    Defendant Elliot Kunstlinger resides in New York. The Order requires that Mr. Kunstlinger appear at the conference in person. [1]

3.    Previously, the Court had issued two separate orders allowing Plaintiffs Misael Rigoberto Menocal Caceres, Jonnatan Trevino Hernandez and Francisco J. Robleto to appear via telephone.

4.    In order to comply with the Court's Order, Defendant Elliot Kunstlinger booked an airplane flight from New York's JFK airport to Ft. Lauderdale International Airport. Mr.

---

[1] Defendant speaks English and does not require the use of an interpreter.

**1** of **4**

Kunstlinger was scheduled to depart on Delta flight 2793 on January 8, 2018 at 8:45 p.m. However, In the late afternoon he was notified by Delta that his flight was being cancelled and was to be rescheduled for January 9, 2018 at 7:51 p.m. [Exhibit A]. [2]

5. It is unknown to the undersigned whether his flight cancellation, as well as other cancelled flights, was due to the inclement weather or due to a recent water main break.[3] However, the current Delta flights that would arrive prior to the settlement conference have been fully booked, and many of the delayed flights, for which Defendant cannot obtain a seat on, may ultimately be cancelled.

6. In light of the last-minute cancellation of Defendant's flight due to *force majeure*, Defendant requests that he be allowed to attend the settlement conference telephonically.

7. Defendant's counsel has conferred with Defendants' counsel Mr. Leshin, and Plaintiffs' counsel Ms. Jaff who do not oppose the relief requested.

## **Memorandum of Law**

The Court's Orders [DE 20 ¶6 & DE 55 ¶5] scheduling the settlement conference, specifically states "[t]elephonic attendance will not be considered without the undersigned's prior permission, and unless extraordinary circumstances exist." Extraordinary circumstance can be shown in one of two ways (1) an insurmountable obstacle; or (2) demonstrate that the burden on the individual outweighs the burden on the parties, the court, and the public.

> A motion can show an "extraordinary circumstance" in either of two ways. One is to present an obstacle that is obviously almost insurmountable. A party in a body

---

[2] See also https://www.delta.com/content/www/en_US/#/flightstatus/1/2793/2018-01-08/w

[3] https://www.nbcnews.com/news/us-news/water-main-break-baggage-pileup-jfk-airport-add-winter-travel-n835431 (viewed on January 8, 2018) ("Authorities on Sunday blamed flooding that intensified an already chaotic scene at John F. Kennedy International Airport in New York City on an apparent frozen, unprotected water pipe…. Flights were delayed, equipment froze, passengers were stranded and baggage piled up.").

cast is not necessary, but that is the idea. The other is to present a burden not overwhelming at first blush and to explain in detail each inference necessary to show that the burden on the individual outweighs the burden on the parties, the court, and the public of losing a mediation at which each party is physically present.

*Chancey v. Hartford Life & Acc. Ins. Co.*, 844 F. Supp. 2d 1239, 1241 (M.D. Fla. 2011).

In the present matter, Defendant would submit that the cancellation of his flight on the eve of the settlement conference would result in an insurmountable obstacle preventing Mr. Kunstlinger from attending in person. Mr. Kunstlinger made efforts to comply with the Court's Order to personally appear, and could not reasonably foresee neither the weather patterns nor the water main break, impeding his ability to catch a flight to Miami. To the contrary, Mr. Kunstlinger booked a flight that would arrive the evening before the settlement conference in order to ensure that he would arrive ahead of the conference. Mr. Kunstlinger could not have foreseen his, and other flights, being cancelled due to *force majeure*. Under these extraordinary circumstances, Mr. Kunstlinger requests to appear at the conference via telephone.

Wherefore, Defendant respectfully requests that this Court grant this Motion and allow Mr. Kunstlinger to participate in the settlement conference via telephone.

## Certificate of Good Faith Conferral

Defendant's counsel, immediately upon learning and verifying that Defendant's flight had been cancelled, contacted counsel or the remaining Defendants and Plaintiffs' counsel. Both Defendants' counsel and Plaintiffs' counsel did not object to Defendant appearing via phone.

    Mamane Law LLC
    10800 Biscayne Blvd., Suite 350A
    Miami, Florida 33161
    E-mail: mamane@gmail.com
    By: */s Isaac Mamane*
       Isaac Mamane, Esq.
       Fla. Bar No. 44561

## **CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the Defendant's Expedited Motion to Appear Telephonically at the Settlement Conference was served on all counsel listed on the Court's CM/ECF system, including Neil Tobak, Esq., J.H. Zidell P.A., 300 71st Suite 605, Miami Beach, Florida 33141, Email: ntobak.zidellpa@gmail.com, Rivkah Fay Jaff, Esq., J.H. Zidell, P.A., 300 71st, Street, Suite 605, Miami Beach, Florida 33141, Email: Rivkah.Jaff@gmail.com, Jamie H. Zidell, Esq., 300 71st Street, Suite 605, Miami Beach, Florida 33141, Email: Zabogado@aol.com, Randall Leshin, Esq., and Daniel T. Feld, Esq., on this 8th day of January, 2018.

    Mamane Law LLC
    10800 Biscayne Blvd., Suite 350A
    Miami, Florida 33161
    E-mail: mamane@gmail.com
    By: */s Isaac Mamane*
       Isaac Mamane, Esq.
       Fla. Bar No. 44561