UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20415-CIV- SIMONTON

LUIS ENRIQUE CAMACHO HOPKINS,    )
MISAEL RIGOBERTO MENOCAL          )
CACERES, JONNATAN TREVINO         )
HERNANDEZ, PAUL LUQUE,            )
FRANCISCO J ROBLETO, and all others )
similarly situated under 29 U.S.C. 216(b), )
                                  )
            Plaintiffs,           )
    vs.                           )
                                  )
KING OF DIAMONDS MIAMI "LLC" a/k/a )
CLUB KOD,                         )
MOVEMENT EVENTS LLC,              )
JEFFREY VASILAS,                  )
ELLIOT KUNSTLINGER,               )
                                  )
            Defendants.           )
_____)

**PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT, FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS, MOVEMENT EVENTS LLC., AND JEFFREY VASILAS, JOINTLY AND SEVERALLY, AND FOR ATTORNEYS' FEES AND COSTS, INCLUDING FUTURE FEES AND COSTS REGARDING COLLECTION OF DEFAULT**

COME NOW the Plaintiffs, by and through the undersigned counsel, and hereby files the above-described Motion and requests entry of a Final Default Judgment against Defendants Movement Events LLC and Jeffrey Vasilas, jointly and severally, and in support thereof states as follows:

1.      On February 28, 2018, the Court entered an Order approving the Parties' Settlement Agreement pursuant to *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982) as fair and reasonable and dismissed the case with prejudice [DE113].

2. Pursuant to the terms of the Settlement Agreement, Defendants were required to make three equal installments of $5,000.00 each, with the first installment due on or before February 15, 2018 and the remaining two payments due on March 15, 2018 and April 15, 2018. *See,* Settlement Agreement [DE111 – 1 through 5], ¶2.

3. The first installment was due on Thursday, February 15, 2018.

4. Pursuant to the Agreement (3), "In the event that Defendants, jointly and severally, fail to make payments of the settlement funds or if the checks are returned for insufficient funds pursuant to paragraph 2 of this agreement or for any other reason, Plaintiffs' counsel shall give written notice via email to Randall Leshin, Esq. at rleshin@leshinlawfirm.com. In the event that Defendants, jointly and severally, fail to cure said breach within three (3) business days of receiving the written notification via e-mail, then a final default judgment shall be entered against defendants, jointly and severally, for the amount of Twenty Thousand Dollars and No Cents ($20,000.00). *See,* Settlement Agreement [DE111 – 1 through 5], ¶3.

5. As of the date of filing the instant Motion, Defendants have failed to timely make the first installment of $5,000.00.

6. On Wednesday February 28, 2018, the Plaintiffs' counsel sent an email to Defense Counsel, Randall Leshin, Esq., advising that Plaintiffs have not received payment per the Settlement Agreement and putting Defendants on notice of the breach. *See* Exhibit "A."

7. As of the date of filing the instant Motion, more than three (3) business days after Defense counsel received written notification of breach via e-mail, Defendants have not cured the breach.

8. Plaintiffs, therefore, respectfully requests the Court enter an Order enforcing the

Parties' settlement agreement, entering a Final Default Judgment against Defendants, jointly and severally, for the amount of Twenty Thousand Dollars and No Cents ($20,000.00).[1] Additionally, Plaintiffs further requests that upon collection of the judgment, Plaintiffs' counsel be entitled to additional fees and costs against Defendants, jointly and severally, to be determined by the Court and asks the Court to retain jurisdiction to determine Plaintiffs' request for attorneys' fees and costs upon collection of the judgment and that this judgment shall bear interest in accordance with 29 U.S.C. § 1961.

## MEMORANDUM OF LAW

**Entitlement to future fees in re: collection of default judgment:**

Per the Settlement Agreement (2), Plaintiffs' counsel is entitled to attorneys' fees and costs to pursue the breach. Further, pursuant to *DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009), attorney's fees related to collection on a final judgment is available in FLSA cases. Stating;

> [i]n *Doden v. Plainfield Fire Protection Dist.,* 108 F. 3d 1379 (7th Cir. 1997), suggests that attorney's fees for post-judgment work may be available in FLSA cases. In *Doden,* the district court denied the plaintiff's request for attorneys fees in collecting a judgment finding that the plaintiff's efforts were unnecessary because the defendant was willing, ready and able to pay the judgment. 2008 U.S. Dist. LEXIS 72327, [WL] at * 2. The district court's reasoning for denying the fee request suggests that the district court may have awarded the fees had the plaintiff's attorney's efforts been necessary. On appeal, the Seventh Circuit affirmed the district court's decision noting that the record supported the district court's finding that the plaintiff's engaged in unnecessary efforts relating to the judgment. "This is a clear, concise, and reasonable explanation of why

---

[1] The Default Provision entitles Plaintiffs to a default judgment of $20,000.00 less payments made and fees and costs to pursue same. Defendants have made 0 installment payments thus far. Therefore, the entry of the final default should be for the amount of $20,000.00 which is the default judgment amount minus the amount paid thus far under the Agreement.

3

> attorneys' fees were not awarded for these motions, and thus, the district court did not abuse its discretion in the denial of fees." 2008 U.S. Dist. LEXIS 72327, [WL] at *5.

This court in the *DiFrancesco* decision further stated:

> The courts have awarded post-judgment collection fees in cases involving other federal statutes. In *Free v. Briody,* 793 F. 2d 807 (7th Cir. 1986), the Seventh Circuit affirmed an award of attorney's fees for efforts made to collect a judgment arising out of a lawsuit brought under the Employee Retirement Income Security Act ("ERISA"). In affirming the fee award the circuit court noted that "[n]othing on the face of the statute, or in its history or purpose, suggests that the only legal efforts that can be compensated by an award of fees are those that precede the judgment, and not those incurred afterward to make the judgment a reality." *Id.* at 808. The circuit court further noted that "the entry of the judgment is not the end of the litigation . . . . It would make no more sense to deny attorney's fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal." *Id.* at 809.

Plaintiffs' attorneys will have to exert more time and effort in collection of the default judgment resulting from the underlying FLSA case and as a result should be awarded reasonable attorney's fees pursuant to *DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009) entitling Plaintiff's attorneys to fees in collection of the default judgment. *See also Humberto Alfonso Llanes, et al., v. Webeco Food, Inc., et al.,* Case No.: 14-cv-23320-JAL [DE33 & 35]; *Jorge Puello, et al. v. Inclan Painting and Waterproofing Corp., et al.,* Case No.: 08-cv-20060-JAL [DE187 & 190].

WHEREFORE, Plaintiffs respectfully requests the Court enter an Order enforcing the Parties' settlement agreement, entering a Final Default Judgment against Defendants Movement Events LLC., and Jeffrey Vasilas, jointly and severally, for the amount of Twenty Thousand

Dollars and No Cents ($20,000.00).[2] Additionally, Plaintiff further requests that upon collection of the judgment, Plaintiff's counsel be entitled to additional fees and costs against Defendants, jointly and severally, to be determined by the Court and asks the Court to retain jurisdiction to determine Plaintiffs' request for attorneys' fees and costs upon collection of the judgment and that this judgment shall bear interest in accordance with 29 U.S.C. § 1961.

        Respectfully submitted,

        J. H. ZIDELL, P.A.
        ATTORNEYS FOR DEFENDANTS
        300-71ST STREET
        SUITE 605
        MIAMI BEACH, FL 33141
        305-865-6766
        305-865-7167

        _ s/ Neil Tobak __
        Neil Tobak, Esquire
        Florida Bar No.: 093940

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 3/6/18 TO:**

**RANDALL LEIGH LESHIN, ESQ.
THE LESHIN LAW FIRM
1975 EAST SUNRISE BLVD., SUITE 504
FORT LAUDERDALE, FL 33304
PH: 954-941-9711
FAX: 941-9750
EMAIL: RLESHIN@LESHINLAWFIRM.COM**

*Counsel for Defendants KING OF DIAMONDS MIAMI "LLC" a/k/a CLUB KOD, MOVEMENT EVENTS LLC, and JEFFREY VASILAS*

---

[2] The Default Provision entitles Plaintiff to a default judgment of $20,000.00 less payments made and fees and costs to pursue same. Defendants have made 0 installment payments thus far. Therefore, the entry of the final default should be for the amount of $20,000.00 which is the default judgment amount minus the amount paid thus far under the Agreement.

**DANIEL T. FELD, ESQ.**
**DANIEL T FELD P.A.**
**2847 HOLLYWOOD BLVD.**
**HOLLYWOOD, FL 33020**
**PH: (305) 308 - 5619**
**EMAIL: DANIELFELD.ESQ@GMAIL.COM**

**ISAAC JACKIE MAMANE**
**MAMANE LAW LLC**
**10800 BISCAYNE BLVD., SUITE 350A**
**MIAMI, FL 33161**
**305-773-6661**
**EMAIL: MAMANE@GMAIL.COM**

*Counsel for Defendant Elliot Kunstlinger*


**BY:__/s/____Neil Tobak_____**
       **NEIL TOBAK, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20415-CIV- SIMONTON

LUIS ENRIQUE CAMACHO HOPKINS, )
MISAEL RIGOBERTO MENOCAL )
CACERES, JONNATAN TREVINO )
HERNANDEZ, PAUL LUQUE, )
FRANCISCO J ROBLETO, and all others )
similarly situated under 29 U.S.C. 216(b), )
)
         Plaintiffs, )
vs. )
)
KING OF DIAMONDS MIAMI "LLC" a/k/a )
CLUB KOD, )
MOVEMENT EVENTS LLC, )
JEFFREY VASILAS, )
ELLIOT KUNSTLINGER, )
)
         Defendants. )
_____)

**ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT, FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS MOVEMENT EVENTS LLC., AND JEFFREY VASILAS, JOINTLY AND SEVERALLY, AND FOR ATTORNEYS' FEES AND COSTS, INCLUDING FUTURE FEES AND COSTS REGARDING COLLECTION OF DEFAULT**

This cause, having come before the Court on the above-described Motion, and the Court being duly advised in the premises, it is ORDERED AND ADJUDGED that Plaintiff's Motion filed as [DE114] is GRANTED and therefore:

1. Final Default Judgment shall be entered against Defendants Movement Events LLC., and Jeffrey Vasilas, jointly and severally, and Plaintiffs c/o the Client Trust Account of J.H. Zidell, P.A., shall take the following sums from Defendants, jointly and severally, in the amount of Twenty Thousand Dollars and No Cents ($20,000.00) (which sum shall bear interest at the relevant statutory rate from the date of this Judgment onward);

7

2. Further, Plaintiffs' counsel shall be entitled to collect reasonable attorneys' fees in connection with Plaintiffs' Motion to Enforce Settlement Agreement, all related work, and collection of the default judgment to be determined by this Court upon collection and for which sum let execution shall issue upon determination. *See DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009).

3. The Court reserves jurisdiction to enter such other and further orders as deemed proper.

DONE AND ORDERED IN CHAMBERS IN MIAMI-DADE, FLORIDA, ON THIS _____ DAY OF _____, 2018.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies to: Counsel of Record