UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20415-CIV-SIMONTON

LUIS ENRIQUE CAMACHO HOPKINS,
et al.,

    Plaintiffs,

vs.

KING OF DIAMONDS MIAMI, LLC,
et al.,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT, FOR ENTRY OF FINAL DEFAULT JUDGMENT AND FOR ATTORNEYS' FEES AND COSTS

This matter is before the Court upon Plaintiffs' Motion To Enforce Settlement Agreement, For Entry of Final Default Judgment Against Defendants Movement Events, LLC, Jeffrey Vasilas, and King of Diamonds, LLC, and For Attorney's Fees and Costs, Including Future Fees and Costs Regarding Collection of Default, ECF Nos. [114] [115].[1] The Defendants have not filed a response to the Motion and the time for doing so has elapsed.  Pursuant to the consent of the Parties, this matter has been referred to the undersigned by the Honorable Kathleen M. Williams, United States District Judge, for all necessary and proper action as required by law, through and including trial by jury and entry of final judgment, ECF No. [110].

---

[1] In the Motion to Enforce filed on March 6, 2018, the Plaintiffs failed to request relief against King of Diamonds Miami LLC, but filed a Notice of Clarification the following day requesting such relief and explaining that King of Diamonds, Miami LLC had inadvertently been omitted from the initial Motion, ECF No. [115].

I. <u>BACKGROUND</u>

This action involves claims brought by Plaintiffs Luis Enrique Camacho Hopkins, Misael Rigoberto Menocal Caceres, Jonnatan Trevino Hernandez, Francisco J. Robleto and Paul Luque against Defendants King of Diamonds Miami LLC, a/k/a Club KOD, Movement Events, LLC, Jeffrey Vasilas and Elliot Kunstlinger, for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., ("FLSA"), ECF Nos. [1] [5]. On February 28, 2018, the undersigned entered an Order Approving FLSA Settlement and Dismissing Case following the filing of the Parties' Joint Motion for Approval of Parties' Settlement Agreement, and Stipulated Dismissal With Prejudice, ECF Nos. [111] [113].[2] In addition, in that Order, the Court retained jurisdiction to enforce the terms of the Settlement Agreement, ECF No. [113] at 3.

II. <u>MOTION TO ENFORCE</u>

In the Motion to Enforce Settlement Agreement, the Plaintiffs state that the Defendants were required, pursuant to the terms of the Settlement Agreement, to make their first installment payment to the Plaintiffs on or before February 15, 2018, with subsequent payments to be made on March 15, 2018 and April 15, 2018, ECF No. [114] at 2.  The Plaintiffs state that the Defendants failed to make the first payment and thus breached the Settlement Agreement.

In support of their Motion, the Plaintiffs have submitted a February 28, 2018, email sent from Plaintiffs' Counsel to Defendants' Counsel entitled "NOTICE OF BREACH" which states that the Defendants failed to make their First Installment Payment due under the Settlement Agreement and therefore are in breach of the Settlement Agreement, ECF No. [114-1] at 1.

---

[2] On November 21, 2017, the Parties filed a Joint Stipulation of Voluntary Dismissal with Prejudice as to Plaintiff Paul Luque, only, ECF No. [79].  On January 25, 2018, the Parties filed a Joint Stipulation of Dismissal with Prejudice as to Plaintiffs' Claims Against Defendant Elliot Kunstlinger (only), ECF No. [112]. Thus, neither Plaintiff Paul Luque or Elliot Kuntslinger are involved in the instant Motion to Enforce.

Plaintiffs thus seek an Order enforcing the Settlement Agreement, and entering a Final Default Judgment against the Defendants, jointly and severally, for the amount of Twenty Thousand Dollars ($20,000.00), ECF No. [114] at 3.  The Plaintiffs additionally request that upon collection of the judgment, Plaintiffs' counsel be entitled to an additional award of fees and costs against Defendants, jointly and severally, to be determined by the Court, ECF No. [114] at 3.  To that end, the Plaintiffs request that the Court retain jurisdiction to determine the amount of the Plaintiffs' attorney's fees and costs, ECF No. [114] at 3.

### III. ANALYSIS

At the outset, the undersigned notes that the record reflects that the Plaintiffs' Motion to Enforce was served on Defendants' Counsel on March 6, 2018 via cm/ecf, ECF No. [114]. In addition, the Plaintiffs have appended the Notice of Breach to their Motion that was emailed to Defendants' Counsel on February 28, 2018, ECF No. [114-1]. The Defendants have failed to file a response to the Plaintiffs' Motion to Enforce and there is no indication that the Defendants have otherwise attempted to cure the breach of the settlement agreement, or make any payments to the Plaintiffs.  As such, pursuant to Local Rule 7.1 (c), the undersigned may grant the Plaintiff's motion by default.

Further, for the following reasons, the Plaintiffs are due the relief they seek based upon the merits of their Motion.  The undersigned has reviewed the record including the default provisions of the Confidential Settlement Agreement and Mutual General Release. The Settlement Agreement provides, in relevant part, "Should Defendants, jointly and severally, fail to make payments of the settlement funds or if the checks are returned for insufficient funds pursuant to . . . this agreement or for any other reason, Plaintiffs' counsel shall give written notice via Email to Randall Leshin, Esq. at rleshin@leshinlawfirm.com." ECF No. [111-1] at 3-4.  The Settlement Agreement further states, "In the event that Defendants, jointly and severally, fail to cure said breach within

three (3) business days of receiving the written notification via email, then a final default judgment shall be entered against Defendants, jointly and severally, for the amount of Twenty Thousand Dollars and No Cents ($20,000), less payments made. No additional notification will be required in the event Defendants, jointly and severally, fail to cure said breach within three (3) business days of receiving the written notification via email and Plaintiffs shall immediately proceed with a final default judgment . . .".

The Defendants have not disputed that they have failed to make any payments required by the Settlement Agreement, and thus have breached that Agreement. Further, the record establishes that the Plaintiffs gave written notice to Defendants' Counsel regarding that breach, and the Defendants failed to cure that breach. Thus, the Plaintiffs are entitled to the relief they request, including entry of a final default judgment against the Defendants and an award of attorney's fees pursuant to the express language of the Settlement Agreement.

## IV. CONCLUSION

Accordingly, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that the Plaintiffs' Motion To Enforce Settlement Agreement, For Entry of Final Default Judgment Against Defendants Movement Events, LLC, Jeffrey Vasilas, and King of Diamonds, LLC, and For Attorney's Fees and Costs, Including Future Fees and Costs Regarding Collection of Default, ECF No. [114] is **GRANTED**. It is further,

**ORDERED AND ADJUDGED** that Final Default Judgment will be entered in favor of Plaintiffs Luis Enrique Camacho Hopkins, Misael Rigoberto Menocal Caceres, Jonnatan Trevino Hernandez, Francisco J. Robleto, and Paul Luque against Defendants Movement Events, LLC, Jeffrey Vasilas, and King of Diamonds, LLC, by way or separate docket entry. It is further

**ORDERED AND ADJUDGED** that Plaintiffs' counsel shall be entitled to collect reasonable attorneys' fees in connection with Plaintiffs' Motion to Enforce Settlement Agreement, all related work, and collection of the default judgment, with a reasonable amount of attorney's fees to be determined by this Court upon collection of the default judgment. It is further

**ORDERED AND ADJUDGED** that the Court reserves jurisdiction to determine reasonable attorneys' fees in connection with Plaintiffs' Motion to Enforce Settlement Agreement, all related work, and collection of the default judgment, and to enter such other and further order as deemed proper.

**DONE AND ORDERED** in chambers at Miami, Florida, on December 10, 2018.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**Copies provided via CM/ECF to:**

**All counsel of record**